# JACOBI *v.* JACOBI.

DIVORCE; ALIMONY; CONSTITUTIONAL LAW.

1. The granting of alimony *pendente lite* is a matter within the sound discretion of the trial court.

2. A decree of divorce in a State which requires a residence therein for a prescribed time by the party seeking a divorce is invalid as having been granted without jurisdiction, and is not binding in this jurisdiction, if the party obtaining the decree was not a resident of that State at the time or had not been a resident for the length of time required by its statute.

3. If the matrimonial domicil of husband and wife was in this District at the time a decree of divorce was obtained by the husband in a State, and the wife had never taken up a residence in that State, the courts of this District are not bound to give full faith and credit to the decree.

4. Where, in a suit by a wife for divorce, the defense of the husband to an application by her for alimony *pendente lite* is that, before the institution of the suit, he had obtained a decree of divorce from her in a State, and the validity of such decree is put in issue by the pleadings, this court will not, on an appeal by the husband, disturb the interlocutory order of the court granting the wife such alimony.

No. 2920.    Submitted October 9, 1916.    Decided November 14, 1916.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia awarding alimony *pendente lite* to the plaintiff in a suit for divorce.

*Affirmed.*

NOTE.—On alimony *pendente lite* or counsel fees in suit for divorce, when marriage is denied, see note in 25 L.R.A.(N.S.) 387.

On power to award temporary alimony or counsel fees pending attempt to set aside decree of divorce or separation, see note in 24 L.R.A.(N.S.) 1015.

On impeaching decree of divorce rendered in other state on the ground of nonresidence or domicil of person in whose favor it was granted, see note in 23 L.R.A.(N.S.) 1254.

On jurisdiction of subject-matter, general rule, see note in 59 L.R.A. 142.

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree awarding temporary alimony in a suit for divorce.

Plaintiff, Jeanette M. Jacobi, filed suit for divorce November 1, 1915. She alleges residence in the District of Columbia, and marriage therein August 26, 1912; that defendant, W. J. Jacobi, has never provided her with a home, and she has been compelled to reside with her mother; that he has contributed but little to her support, not more than $20 per month.

Defendant, answering the rule to show cause, alleged that he is a resident of Florida, residing temporarily in Washington in the District of Columbia; that plaintiff is not now the wife of defendant, because on October 14, 1915, defendant was granted a decree of absolute divorce from plaintiff in the circuit court of the eleventh judicial circuit of the State of Florida, in and for Monroe county, a certified copy of said decree being herewith filed and made part of this answer, and marked exhibit "A."

This exhibit is a final decree certified by the clerk of the court, reciting that the cause came on to be heard on bill, testimony, and master's report, and it appearing to the satisfaction of the court that service by publication was duly had on the defendant, and that an order that the bill be taken as confessed has been duly entered by the clerk in the order book, and the court being satisfied from the pleadings and testimony that the complainant is entitled to the relief prayed for, it is therefore ordered, adjudged, and decreed that the bonds of matrimony now existing between the said William Jacobi and Jeanette Jacobi be, and the same are hereby, severed, canceled, and annulled, and for naught held. Replying to this answer, plaintiff denies that the decree of absolute divorce granted by the circuit court of Florida has any legality or effect. She alleges that she and the defendant were married in the District of Columbia on the 26th day of August, 1912; that she cohabited with the defendant as man and wife in the District of Columbia, and has never cohabited with him in any other jurisdiction;

that she is, and all her life has been, an actual bona fide legal resident of the District of Columbia; she has never resided in the State of Florida, nor has she ever been in that State. That the said Jacobi is an actual and legal resident of the District of Columbia, and has been since the 26th of August, 1912, the date upon which plaintiff and defendant were married. She alleges that she has had no notice of the pendency of the suit for divorce in the State of Florida against her, either actual or constructive. That in April, 1915, defendant entered into an agreement whereby he was to pay her $40 per month for her expenses, which he continued to do until about the 15th day of October, 1915, when he discontinued his payments. She says that the first knowledge or intimation of any kind which she ever had or received of the institution of any suit for divorce against her in the State of Florida was received on Friday, November 5, 1915, when, upon a hearing of the rule to show cause why the defendant should not be compelled to pay her alimony in this cause, the defendant's counsel presented and read to the court the answer of the defendant to the rule to show cause, and which answer set up the fact of the divorce proceedings in the State of Florida. She alleges defendant has at all times known her place of residence and abode in the District of Columbia; that she has frequently talked to defendant, and he has at all times known the location of the office of plaintiff's counsel, and known his name and address; that defendant, or anyone else, has never intimated in any manner to the plaintiff or her counsel, the fact of the institution or the pendency of said suit in the State of Florida.

Plaintiff alleges that defendant wrongfully and fraudulently instituted the said suit for divorce against her in the State of Florida, and concealed the fact of the institution of said suit from the plaintiff; that the decree entered in Monroe county of the State of Florida on the 14th day of October, 1915, is without any force and effect, was entered by a court without jurisdiction, and is null and void.

Plaintiff filed an amended bill November 19, 1915, in which she reiterated the fact of her residence in the District and her

marriage therein; that defendant has never provided a home or offered to do so; that she has frequently requested him to provide a home, and he has declined to do so; that she was compelled to go and live with her mother because defendant would not provide for her; that defendant has refused to provide for the plaintiff a home, and refuses, and refused for some months, to live and cohabit with the plaintiff; that she has always been ready, anxious, and willing to take her place in any home the defendant may establish, and perform her duties as a wife, and that the defendant, without reason or excuse, has declined to provide plaintiff with a home, and now absolutely refuses to contribute one cent towards her support, and has wilfully deserted and abandoned her.

Defendant is employed by the United States government at the United States War College, from which employment he receives $1,400 per year; that he is an attorney at law, and practices law in the city of Washington; that he is a member of the firm of Jacobi & Jacobi; plaintiff is not advised as to defendant's income from his law practice.

That she has never cohabited with the said Jacobi in any other jurisdiction than the said District of Columbia. She alleges that the defendant wrongfully and fraudulently instituted the said suit for divorce against her in the said State of Florida, and fraudulently and wrongfully concealed the fact of the institution of the said suit from the plaintiff.

Defendant further answered, denying that he is a resident of the District of Columbia, but on the contrary avers the fact to be that he is a resident temporarily of Washington, in the District of Columbia, by reason of his employment with the government service, but he is in fact a resident of Key West, in the State of Florida, and has been domiciled therein, and a resident thereof, since 1906. He denies living with plaintiff as man and wife, and the establishment of a matrimonial domicil in the District of Columbia. He avers that she deserted him. Admits that he is employed at the United States War College, and receives a salary of $1,400 a year, but denies that he is a member of the law firm of Jacobi & Jacobi, in the city of Washington.

He avers that at the time he instituted said suit in Florida, he was domiciled in and a resident of the State of Florida, and that said State was the matrimonial domicil of the parties hereto; that plaintiff was duly served with process by publication in said cause, in accordance with the laws of Florida, and said court had jurisdiction both of the subject-matter and parties to said action, and that said decree of divorce is a valid and subsisting decree by a court of competent jurisdiction.

December 7, 1915, the cause came on to be heard upon the rule to show cause why the defendant should not pay alimony *pendente lite,* and counsel fees, and upon defendant's answer to said rule, bill, and exhibits, the court finds that the decree produced herein by the defendant of the circuit court of the State of Florida, entered the 14th day of October, 1915, purporting to grant a divorce to William J. Jacobi from the plaintiff, Jeanette M. Jacobi, is not entitled to full faith and credit, and is not controlling upon this court or the plaintiff. Wherefore, it was ordered that the defendant pay to the plaintiff the sum of $40 per month, payable in semimonthly instalments, and also to pay counsel fees in this suit.

From this the defendant has appealed.

*Mr. Alvin L. Newmyer,* for the appellant:

1. On the preliminary hearing, it was not established that a matrimonial domicil was acquired in the District of Columbia by the parties ever living together therein, and consequently the husband's domicil, which was the State of Florida from a time previous to the marriage, was therefore the domicil of the parties in this case, for the wife's domicil follows that of her husband. *Anderson* v. *Watt,* 138 U. S. 694; *Cheeley* v. *Clayton,* 110 U. S. 701; *Thompson* v. *Thompson,* 226 U. S. 551; *Atherton* v. *Atherton,* 181 U. S. 155; *Haddock* v. *Haddock,* 201 U. S. 513; *Cheever* v. *Wilson,* 9 How. 108.

2. The claim made by the appellee in this case, that she had no notice or knowledge of the divorce suit in Florida, is contrary to the allegations of the decree of that state, reciting due

notice by publication, and the allegations of a wrongful or fraudulent institution of the suit; or concealment, are expressly denied by the answers and were not shown by the testimony to be true.

3. The hearing in this case was upon the rule to show cause, and the answer thereto, and it is most unusual that in such a case the allegations of the bill should be taken as true, when expressly denied by the answer. The rule of law is exactly to the contrary. *Arnold* v. *Carter,* 19 App. D. C. 264.

4. Payment of alimony should not be required where the marriage status is not established by any testimony or proof. Where the answer denies the existence of the marriage relations and sets up a prior divorce in another jurisdiction, on which allegations issue is joined, alimony cannot be granted until the determination of such issue. *Kiefer* v. *Kiefer,* 4 Colo. App. 506. Where the controversy is whether the marriage relation exists or ever existed, an order granting alimony and counsel fees *pendente lite* cannot be made upon mere *ex parte* affidavits of the wife. *Vreeland* v. *Vreeland,* 18 N. J. Eq. 43. Unless facts are established showing the invalidity of the decree, temporary alimony will not be granted until the foreign decree is modified or adjudged unavailing as a defense. *Shaw* v. *Shaw,* 92 Iowa, 722; *Holbrook* v. *Holbrook,* 32 La. Ann. 13. And the same rule applies to the effect that temporary alimony will not be allowed where the marriage is not shown. *York* v. *York,* 53 Iowa, 530; *Freeman* v. *Freeman,* 49 N. J. Eq. 102; *Brinkley* v. *Brinkley,* 50 N. Y. 184. Temporary alimony cannot be allowed to the plaintiff in an action to set aside a voidable decree of divorce. *McFarland* v. *McFarland,* 51 Iowa, 565.

*Mr. Daniel Thew Wright* and *Mr. T. Morris Wampler,* for the appellee, in their brief cited:

*Adams* v. *Adams,* 13 L. R. A. 275; *Andrews* v. *Andrews,* Dall. (Tex.) 375; *Arnold* v. *Carter,* 19 App. D. C. 259; *Atherton* v. *Atherton,* 181 U. S. 155; *Barber* v. *Barber,* 21 How. 589; *Borden* v. *Fitch,* 15 Johns. 121; *Bunnell* v. *Bunnell,* 25 Fed.

214; *Campbell* v. *Campbell,* 73 Iowa, 482; *Carroll* v. *Carroll,* 68 Mo. App. 190; *Cheely* v. *Clayton,* 110 U. S. 701; *Cheever* v. *Wilson,* 9 How. 108; *Com.* v. *Ainsworth,* 20 Pa. Co. Ct. 123; *Com.* v. *Blood,* 97 Mass. 538; *Com.* v. *Maize,* 23 W. N. C. 572; *Cook* v. *Cook,* 56 Wis. 195; *Cross* v. *Cross,* 108 N. Y. 628; *Cox* v. *Cox,* 19 Ohio St. 502; *Cupples* v. *Cupples,* 31 Colo. 443; *De Meli* v. *De Meli,* 120 N. Y. 485; *Dougherty* v. *Dougherty,* 28 N. J. Eq. 581; *Gettys* v. *Gettys,* 3 Lea, 260; *Gregory* v. *Gregory,* 72 Me. 187; *Haddock* v. *Haddock,* 201 U. S. 513; *Hairstril* v. *Hairstril,* 27 Minn. 704; *Hanover* v. *Turner,* 14 Mass. 231; *Harding* v. *Harding,* 144 Ill. 588; *Hardy* v. *Smith,* 136 Mass. 328; *Hayes* v. *Hayes,* 74 Ill. 312; *Hoffman* v. *Hoffman,* 46 N. Y. 30; *Holmes* v. *Holmes,* 4 Lans. 388; *Hood* v. *State,* 56 Ind. 263; *Jackson* v. *Jackson,* 1 Johns. 424; *Kerr* v. *Kerr,* 41 N. Y. 272; *Kline* v. *Kline,* 57 Iowa, 386; *Kowalsky* v. *Kowalsky,* 145 Cal. 394; *Leith* v. *Leith,* 39 N. H. 20; *Litowich* v. *Litowich,* 19 Kan. 451; *Lyon* v. *Lyon,* 2 Gray, 367; *McGee* v. *McGee,* 10 Ga. 477; *McGiffert* v. *McGiffert,* 17 How. Pr. 18; *Mellen* v. *Mellen,* 10 Abb. N. C. 329; *Moe* v. *Moe,* 2 Thomp. & C. 647; *Morey* v. *Morey,* 27 Minn. 265; *Neff* v. *Beauchamp,* 74 Iowa, 92; *Osgood* v. *Osgood,* 2 Paige, 621; *People* v. *Baker,* 76 N. Y. 78; *People* v. *Smith,* 13 Hun, 414; *Reifschneider* v. *Reifschneider,* 241 Ill. 92; *Re Vetterlein,* 14 R. I. 378; *Rigney* v. *Rigney,* 127 N. Y. 408; *Sewall* v. *Sewall,* 122 Mass. 156; *Shannon* v. *Shannon,* 4 Allen, 134; *Smith* v. *Smith,* 13 Gray, 209; *Smith* v. *Smith,* 19 Neb. 708; *State* v. *Armington,* 25 Minn. 29; *State* v. *Fleak,* 54 Iowa, 429; *Strait* v. *Strait,* 3 McArth. 415; *Strong* v. *Strong,* 1 Abb. Pr. N. S. 358; *Thompson* v. *Thompson,* 226 U. S. 551; *Thorn* v. *Salmonson,* 37 Kan. 441; *Tucker* v. *People,* 123 Ill. 583; *Turner* v. *Turner,* 44 Ala. 437; *Tyrell* v. *Tyrell* (N. Y.) 3 Atl. 266; *Van Fossen* v. *State,* 37 Ohio St. 317; *Vischer* v. *Vischer,* 12 Barb. 640; *Watkins* v. *Watkins,* 125 Ind. 163; *Webber* v. *Webber,* 79 N. C. 572; *Werner* v. *Werner,* 30 Ill. App. 159; *Whitsell* v. *Whitsell,* 8 B. Mon. 50; *Woods* v. *Waddle,* 44 Ohio St. 449; *Wright* v. *Wright,* 24 Mich. 180; *Wright* v. *Wright,* 1 Edw. 63.

Mr. Chief Justice S ᴀᴀᴇᴘᴀʀᴅ delivered the opinion of the Court:

The granting of alimony *pendente lite* is a matter within the sound discretion of the trial court. Appellant contends that upon the decree awarding a divorce in the circuit court of Florida the marriage has been annulled, and that the court exceeded its power in granting the order for alimony.

It is quite true that the court went something further than was necessary in declaring the Florida decree a nullity. That is a matter that can only be determined upon a hearing with evidence relating to the question of jurisdiction.

It appears that the State of Florida requires a residence in that State by a plaintiff in an action for divorce before the court can take jurisdiction of the cause. If the plaintiff was not an actual resident of Florida at the time, and had not been for the length of time required by the statute, the court would have been without jurisdiction to entertain the suit, and its decree would not be binding. *Bell* v. *Bell,* 181 U. S. 175, 178, 45 L. ed. 804, 807, 21 Sup. Ct. Rep. 551.

If also, as stated by plaintiff, the matrimonial domicil was in the District of Columbia, and that she had never taken up a residence in the State of Florida, the court would not be bound to give full faith and credit to the Florida decree. *Haddock* v. *Haddock,* 201 U. S. 563, 50 L. ed. 867, 26 Sup. Ct. Rep. 525, 5 Ann. Cas. 1.

Under the circumstances alleged, the decree may be regarded with suspicion, and is not necessarily binding upon the court.

The effect of the decree was put in issue by the plaintiff, and is a matter that must be proved by the defendant on final hearing.

Under all these circumstances it cannot be said that the decree was established and that the marriage had been annulled.

The court was, therefore, authorized to grant the order for alimony. *Brinkley* v. *Brinkley,* 50 N. Y. 184, 193, 10 Am. Rep. 460; *Reifschneider* v. *Reifschneider,* 241 Ill. 92, 100, 89 N. E. 255; *Carroll* v. *Carroll,* 68 Mo. App. 190, 193.

We perceive no ground for disturbing the interlocutory order , of the court, and it is affirmed, with costs.

The cause will be remanded for hearing on the question. of the jurisdiction of the Florida court.            *Affirmed.*