**FRAZIER v. KUTZ et al., Commissioners.**

No. 8428.

United States Court of Appeals.
District of Columbia.
Argued Nov. 3, 1943.
Decided Dec. 13, 1943.

Mr. Otho D. Branson, of Washington, D. C., for appellant.

Mr. Vernon E. West, Principal Asst. Corp. Counsel, D. C., with whom Messrs. Richmond B. Keech, Corporation Counsel, D. C., and W. H. Wahly, Assistant Corporation Counsel, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

GRONER C. J.

This appeal arises out of a judgment of the United States District Court sitting as a court of probate.

Appellant is the Administrator of the Estate of Vesle Crew, who died in the District of Columbia July 27, 1940, leaving an estate of approximately a thousand dollars. No proceedings for administration having been taken within a reasonable time, appellant as a creditor,[1] filed his petition to

[1] D.C.Code, 1940, § 20—216: "If there be no relations, or those entitled decline or refuse to appear and apply for administration, on proper summons or notice, administration. may be granted to the largest creditor applying for the same; and if creditors neglect to apply, it may be granted at the discretion of the court."

be appointed administrator. The petition stated that after diligent search and inquiry appellant was satisfied Crew died intestate and without surviving relations. Under the rule of the Probate Court, the clerk caused to be published in two newspapers the usual show cause order to "unknown heirs at law and next of kin." No cause being shown, an order—without hearing—was passed February 17, 1941, appointing appellant administrator. Thereafter appellant, on July 14, 1942, filed his final account showing the receipt of about Nine Hundred and Fifty Dollars ($950.00) in money, the payment therefrom of court costs, commissions, funeral expenses of Five Hundred and Fifty Dollars ($550.00), and the deposit of the remainder of the fund into the Registry of the court "for the benefit of the unknown heirs at law and next of kin." To this report the District of Columbia excepted, claiming under the escheat section as distributee, to be entitled to the entire estate, less costs of administration and Three Hundred Dollars ($300.00), the statutory allowance for funeral expenses.[2]

Appellant moved to strike the exceptions on the ground the District was without sufficient interest entitling it to object to the account. The court denied the motion, disallowed the administrator's claim for funeral expenses in excess of Three Hundred Dollars ($300.00) and ordered the difference between the amount claimed in that item and the amount allowed, together with the residuum, paid to the District of Columbia.

On this appeal appellant's position is that before the District is entitled to claim as escheatee, there must be an adjudication by a court of competent jurisdiction that intestate left no heirs at law or next of kin, and appellant says there is no statute in the District conferring on the Probate Court jurisdiction to determine this question.

The claim of the District is founded wholly upon the clause of the Statute of Descents, which, after directing the manner of descent and distribution to kindred within the fifth degree, provides that if there are no such kindred, "the whole surplus shall belong to the District of Columbia."[3]

The statute is silent as to the method of determining if there are next of kin who can inherit; and accordingly, as we view it, the question for decision is whether the Probate Court, under its general jurisdiction to superintend the administration of decedents' estates, has that power and if it has, upon a finding that there are no relations entitled to take, to order payment of the whole net estate to the District of Columbia; or whether, as at common law, and as appellant insists, an inquest of office is necessary. The precise question seems not to have arisen in this jurisdiction. The local statute, which it is claimed by the District authorizes the judgment appealed from, is as follows:[4]

"It (the Probate Court) shall have full power and authority to take the proof of wills of either personal or real estate and admit the same to probate and record, and for cause to revoke the probate thereof; to grant and, for any of the causes hereinafter mentioned, to revoke letters testamentary, letters of administration, letters ad colligendum, and letters of guardianship, and to appoint a successor in the place of anyone whose letters have been revoked; to hear, examine, and decree upon all accounts, claims, and demands existing between executors and administrators and legatees, or persons entitled to a distributive share of an intestate estate, or between wards and their guardians; to enforce the rendition of inventories and accounts by executors, administrators, collectors, guardians, and trustees required to account to said court; to enforce the distribution of estates by executors and administrators, and the payment or delivery by guardians of money or property belonging to their wards: *Provided,* That the jurisdiction of said probate court shall not be exclusive of the jurisdiction of the said equity court to entertain suits by legatees or next of kin against executors or administrators, or by wards against their guard-

<hr>

[2] D.C.Code, 1940, § 20—605.

[3] D.C.Code, 1940, § 18—701: "When the debts of an intestate, exhibited and proved or notified and not barred, shall have been discharged or settled, or allowed to be retained for as herein directed, the administrator shall proceed to make distribution of the surplus as follows:
\* \* \* \* \*

§ 18—717: If there be no widow or relations of the intestate within the fifth degree, which shall be reckoned by counting down from the common ancestor to the more remote, the whole surplus shall belong to the District of Columbia, to be disbursed by the commissioners of the District for the benefit of the poor."

[4] D.C.Code, 1940, § 11—504.

ians for an accounting; and, except in cases provided for in section 11—520, any settlement of accounts in said probate court shall only be prima facie evidence as to the correctness of said accounts in any such suits, or in suits by creditors against executors or administrators, or against heirs or devisees, to subject the real estate of decedents to the payments of their debts."

■ We have held as to the jurisdiction of the Probate Court that it has none to decide disputes concerning title to or possession of property as between the executor or administrator on the one hand and strangers claiming adversely on the other.[5] But we have also held it does have jurisdiction to require an administrator to pay over to the next of kin personal estate of which a testator died intestate.[6] We can see no difference between this power and the power, in the absence of next of kin, to order in a proper case the payment of the residuum to an escheatee, as the statute provides. Here the right asserted on behalf of the District is as statutory distributee. Obviously, the ascertainment of this right involves a determination by some court that there is a complete failure of heirs at law or next of kin. We think a fair reading of the Code section we have quoted impels the conclusion that Congress intended in clothing the Probate Court with jurisdiction "to hear, examine, and decree upon all * * * claims * * * between executors and administrators and legatees, or persons entitled to a distributive share of an intestate estate," to include the duty of finding that there are or that there are not statutory heirs, and upon this finding to make distribution as the statute requires. See, also, Kenaday v. Sinnott, 179 U.S. 606-614, 21 S.Ct. 233, 45 L.Ed. 339. In the instant case, if on the death of intestate there were no kin within the classes named in the statute, the property after payment of debts *eo instante* vested in and became the property of the District of Columbia.[7]

■ In this view the status of the District is like that of a person claiming as heir, in which case it becomes the duty of the Probate Court to determine if he is within any of the classes named in the statute. This appears to us too plain for argument, for the object of the statute creating the court was to provide a tribunal in which it might be judicially determined who takes the property left by a deceased intestate. The position of the District, therefore, in such a proceeding as this is not that of an adverse claimant. The escheat section, obviously, is as much a part of the statutory scheme of distribution as the other parts in relation to heirs at law or next of kin. Considered in this aspect, it would logically follow that the Probate Court, upon a finding that there are no heirs, has ample powers to decree distribution to the District as escheatee. See Christianson v. King County, 239 U.S. 356, 36 S.Ct. 114, 120, 60 L.Ed. 327. That case involved the same question we have here, except that it arose under the laws of Washington Territory.[8] There the Supreme Court held that the probate courts of the Territory had jurisdiction, not only to determine the interest of the heirs, but likewise to determine whether there were heirs, and if it was found there were none, to make an award in favor of the Territory. The Court said: "The provision for escheat to the county in case the intestate left no kindred was a part of the scheme of distribution defined by the act, and we cannot doubt that not only had the court the power to determine the interests of the heirs in the real estate to be distributed, but it likewise had the power to determine whether there were heirs, and if it was found that there were none, to decree distribution according to the statute."

In the instant case the District, to the same extent as the Territory in the cited case, had the lawful right to intervene in the proceedings for the settlement of the administrator's account and we, therefore, affirm so much of the decree below as reduced the item of funeral expenses to the statutory allowance of Three Hundred Dollars ($300.00).

■ This brings us then to the question,—did the court in decreeing in favor of the District have before it, on the ad-

[5] Richardson v. Daggett, 24 App.D.C. 440; see, also, Watkins v. Rives, 75 U.S. App.D.C. 109, 125 F.2d 33.

[6] Sinnott v. Kenaday, 12 App.D.C. 115.

[7] In re Melrose Ave., 234 N.Y. 48, 136 N.E. 235, 23 A.L.R. 1233.

[8] Washington Territorial Laws, Sec. 317: "Upon the settlement of the accounts of the executor or administrator, or at any subsequent time, upon the application of the executor or administrator, or any heir, devisee or legatee, the court shall proceed to distribute the residue of the estate, if any, among the persons who are by law entitled."

ministrator's petition and the District's exceptions to the final account, sufficient allegations of lack of next of kin or sufficient proof of that fact. As we have seen, the petition for administration was brought by a creditor. The allegation is that deceased was a resident of the District, that after diligent search no last will was found; that petitioner, after search and inquiry, had ascertained to his own satisfaction that deceased, at the time of his death, was unmarried and that his parents had predeceased him; and that there were no relatives surviving. There is nothing in the petition to show for what period deceased was a resident of the District, where he lived in the District, who were his friends, what was his occupation or any facts in relation to his life or habits. For all we know, his residence there may have begun only a few months prior to his death. There is nothing to show whence he came, nor that any search of his effects had been made to ascertain whether there were letters or communications indicating his origin, family ties, or former home. The District's exceptions to the administrator's account are equally vague and uncertain. Indeed there is no allegation made as to next of kin, and it is apparent that the District relies wholly upon the allegations of the creditor petition for administration. We think this is not enough. In every case of this nature there is a presumption of law that deceased left heirs, and this presumption obtains until the claimant by escheat overcomes the presumption by strong and convincing evidence. Here the hearing which followed on the motion of the District to revise and correct the administrator's account was devoted almost exclusively to the question whether the claim for funeral expenses should be allowed.

In the circumstances we think we should remand the case to the Probate Court on this point, with instructions to proceed only after the District has filed in court a petition against the administrator, setting out fully the grounds on which it bases its claim that there is a failure of relations and that there are no persons legally entitled to share in the estate. When this is done the Probate Court should publish notice in one or more newspapers in the District of Columbia, and if deceased was recently a resident of some other known jurisdiction, in one or more newspapers in the latter, addressed to all unknown claimants; after which the court should afford

a full and fair hearing and, on the evidence adduced, determine the question whether the intestate died without relations entitled to take under the Statute of Descents. Less than this would not be due process. Costs payable out of the fund.

Affirmed in part.

Reversed in part and remanded.