**COLLINS et al. v. O'BRIEN et al.**
**No. 11605.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 13, 1953.

Decided Nov. 19, 1953.

Petition for Rehearing Denied
Dec. 10, 1953.

Mr. William B. Collins, appellant, pro se.

Mr. Al. Philip Kane, Washington, D. C., with whom Messrs. Charles V. Koons and William A. Kehoe, Jr., Washington, D. C., were on the brief, for appellees.

Before CLARK, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

PER CURIAM.

This case involves competing claims to the estate of James L. Collins, who died intestate. On September 2, 1947, the District Court entered an order authorizing service by publication on certain named persons, as well as "all the unknown heirs at law and next of kin of James L. Collins, deceased, and all other persons concerned," and commanding them to appear on December 15, 1947, "to show cause * * * why they severally have any interest in the said estate." A Special Master was appointed by the District Court by order dated December 17, 1947. After holding hearings, the Special Master issued on August 19, 1948, a report which concluded that none of the then claimants (including appellant William B. Collins) had established any relationship to the deceased: the estate was declared escheated to the District of Columbia. Appellant excepted. Before the District Court had ruled on the matter, additional claimants moved to intervene. By order dated May 18, 1949, the District Court stayed the adoption of the Special Master's report and allowed the requested interventions. Appellees were allowed to intervene by orders dated April 19, 1950. Further hearings were held by the Special Master, and on October 31, 1951, he

issued his amended report, which awarded the estate to the appellees.

█ The principal contention of appellant William B. Collins is that the order of publication commanding all persons concerned to appear on December 15, 1947, had the effect of precluding any intervention after that date. This contention is untenable. The instant order was not and did not purport to be a final decree barring all claimants failing to appear. The governing statute provides that " * * * no [final] decree shall be passed against said parties [unknown heirs and others served by publication] unless the court shall be satisfied that due diligence has been used to ascertain such unknown heirs." Section 13–113, D.C.Code (1951). It is clear that the District Court, in allowing appellees to intervene in this case prior to the entry of a final decree, acted within—and did not abuse—its discretionary powers. See Frazier v. Kutz, 1943, 78 U.S.App. D.C. 241, 139 F.2d 380.

█ Appellant also challenges the order of the District Court of July 18, 1952, ratifying and confirming the amended report of the Special Master. To overturn this order appellant must show fundamental errors of law, or clearly erroneous findings of fact. See Rules 52 (b) and 53(e) (2), Fed.Rules Civ.Proc. 28 U.S.C.A. This he has failed to do.

█ We note, also, that appellant William B. Collins recites his appearance in proper person "individually and as trustee for Jeremiah F. Collins, Vera Collins, Sister Mary St. Ursula Collins, and Clara Collins." Appellant is not a member of the bar of this court. There is nothing before us to indicate that he is in fact or law a trustee for the other persons named. The privilege of appearing in proper person is one reserved to the individual. He cannot appear in that capacity and seek to represent others. We add, however, that we see nothing in the record before us which would place the persons named in any better or differ-

ent position than that of appellant William B. Collins individually.[1]

The judgment of the District Court will be

Affirmed.

1. And we intimate no opinion as to the possible right of William B. Collins to represent them if he were in fact or law a trustee.