John Robert RYAN, Appellant,

v.

Margaret Mann RYAN, Appellee.

No. 12806.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 7, 1956.

Decided March 8, 1956.

Mr. Alton S. Bradford, Washington, D. C., for appellant.

Mr. Jean M. Boardman, Washington, D. C., with whom Mr. Ethelbert B. Frey, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and DANAHER, Circuit Judges.

PER CURIAM.

At the suit of Margaret Mann Ryan, the District Court declared a Nevada divorce decree obtained July 6, 1954, by her husband, John Robert Ryan, to be invalid for want of jurisdiction in the court which entered it; and Margaret was declared to be the lawful wife of Robert, notwithstanding the aforesaid decree. The court also set aside a written property settlement agreement signed by the parties March 24, 1954, having found the husband obtained it by fraud and duress. Permanent maintenance and counsel fees were awarded to the wife. The husband appeals. Upon the findings and for the reasons given in District Judge Youngdahl's opinion, Oct. 27, 1954, 139 F.Supp. 98, we hold the judgment appealed from must be upheld.

The Hopson opinion [1] does not require this case to be remanded for the District Court to say whether it *must* hold the Nevada decree invalid. In that case the wife's suit for support and maintenance for herself and child was brought after the husband had obtained an allegedly invalid foreign decree. This court held that in some circumstances our District Court may grant maintenance to a former wife, even after a foreign divorce, but pointed out that the trial court should try to decide the maintenance question without reaching the issue of the validity of the foreign divorce decree. The opinion added, "If in fact and in law the foreign decree is invalid, the District Court is free so to decide, but only if it must."

1. Hopson v. Hopson, Jan. 20, 1955, 95 U.S.App.D.C. 285, 221 F.2d 839.

In the present case the parties were *bona fide* residents of the District of Columbia. The wife invoked the aid of our courts to which she was justified in turning, not only to vindicate her own rights but in aid of the public policy of the District. Here the wife did not simply sue for maintenance after the Nevada divorce was granted. She sued to enjoin her husband from prosecuting that action and, after the foreign decree was entered while her suit was pending here, amended her complaint and prayed that the Nevada divorce be set aside for fraud and be declared null and void. On the record made, she was clearly entitled to this relief and the court had no alternative but to grant it. In order to do so it was, of course, necessary to declare the foreign decree invalid.

Affirmed.