Gladys L. **MATTHEWS**, Administratrix of the Estate of Theodore A. Matthews, Appellant,

v.

Phillip **MATTHEWS**, Administrator, Estate of Samuel Matthews, deceased, Appellee.

No. 14296.

United States Court of Appeals District of Columbia Circuit.

Argued May 21, 1958.

Decided June 26, 1958.

Certiorari Denied Oct. 13, 1958.

See 79 S.Ct. 65.

———◆———

Miss M. Wilhelmina Jackson, Washington, D. C., for appellant.

Mr. Carlisle E. Pratt, Washington, D. C., for appellee.

1. D.C.Code § 20-204 (1951).

2. Id. § 20-207.

3. Howard v. Howard, 1940, 72 App.D.C. 145, 147, 112 F.2d 44, 46; Cf. Thomas

258 F.2d—10

Before FAHY, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

The District Court appointed appellee administrator of the Estate of Samuel Matthews, deceased. An amended petition for letters of administration had listed the appellee and his sister as children of the late Samuel Matthews, one Irene Matthews as his widow and Theodore Matthews as his brother. The appellant, as conservator of the brother's estate, filed a petition seeking the revocation of the appointment of appellee and for the appointment of herself instead. Appellant's petition was dismissed with prejudice, and her motion for reconsideration was denied. This appeal followed.

The District Court entered findings of fact that Irene Matthews and the decedent entered into a valid common law marriage in the District of Columbia in 1921 and that Bernice Matthews Gordon and appellee Phillip Matthews are the legitimate issue of that marriage. Appellant has attacked these findings.

The District Code provides that a "child" may be appointed administrator of the estate of a parent.[1] The Code further provides that "if there be neither widow or surviving husband, nor child * * * brothers and sisters shall be preferred."[2] Appellant has argued that there could not have been a valid common law marriage in 1921, but there was no legal impediment to the marriage of the decedent and Irene Matthews. The court found that they lived together openly and notoriously as man and wife until their separation in 1931. Phillip Matthews had lived with his parents until the date of their separation. Appellant has assumed a very heavy burden, for a finding against the child on the issue of legitimacy could properly be made only in a most exceptional case, we have pointed out.[3] Appellant relies upon

v. Murphy, 1939, 71 App.D.C. 69, 107 F.2d 268. And see Note, Presumptions in Domestic Relations in the District of Columbia, 46 Geo.L.J. 474 (1958).

the fact that some years after the separation Irene Matthews entered into a ceremonial marriage with another but we are not called upon to adjudicate her status. The record shows that she executed a waiver of all claim as "widow" to the estate of her common law husband. In other respects there are conflicts both as to the claims of the respective parties and as to the evidence offered in connection therewith. We are satisfied that the findings by the trial judge are not without substantial support in the record. They certainly have not been demonstrated to be clearly erroneous.

The orders of the District Court are Affirmed.