Bernice M. GORDON et al., Appellants,

v.

Gladys Lloyd MATTHEWS, Appellee.

No. 14866.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 24, 1959.

Decided Dec. 23, 1959.

1. Appellant Frazier was also indicted and convicted under our assault statute, D.C. Code, § 22–505(a) (Supp. VII, 1959).

Mr. Carlisle E. Pratt, Washington, D. C., for appellants.

Miss M. Wilhelmina Jackson, Washington, D. C., for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

The District Court dismissed an action for declaratory judgment under 28 U.S. C. §§ 2201, 2202 (1958) and Title 11 D.C. Code § 306 (1951), in which appellants claimed that they, rather than appellee (Gladys), are the surviving heirs and next of kin of the decedent Theodore A. Matthews.

The claim of appellants turns on whether appellee is the lawful surviving spouse of the decedent and it is claimed that she is not because when she married him she was already married to Hiram Lloyd, who was then living and undivorced. Appellants contend specifically that a purported 1947 divorce which appellee claimed to have secured from Hiram Lloyd was effected by fraud on the Virginia court which rendered a decree of divorce to appellee as plaintiff, reciting Virginia jurisdiction while she was in fact a resident of the District of Columbia.

After appellee secured the Virginia divorce she was appointed Conservator of Theodore Matthews by order of the District of Columbia District Court on April 20, 1956. The appointment was uncontested. Later that same year, on October 2, 1956, appellee married Mr. Matthews.

Theodore Matthews died on December 9, 1957, leaving an estate of nearly $300,-000. Appellee moved for appointment as administrator as lawful widow and sole heir at law.[1] Appellant's opposed the appointment, alleging the invalidity of the Virginia divorce decree. Letters were granted to appellee. On February 17,

---

[1]. Gladys supported her status as *sole* heir at law on the basis that appellants here were the illegitimate children of Theodore Matthews' brother, Samuel Matthews. However, the legitimacy of appellants was upheld in a probate matter following the death of Samuel, and that determination was affirmed here.

Matthews v. Matthews, 103 U.S.App.D.C. 293, 258 F.2d 145, certiorari denied, 1958, 358 U.S. 839, 79 S.Ct. 65, 3 L.Ed.2d 75. The Probate Court could not resolve all the contested issues relating to the legitimacy of the appellants or the marital status of appellee on the application for appointment of an administrator.

1958, appellants petitioned the Domestic Relations Branch of the Municipal Court to annul the marriage of appellee and Theodore, again proclaiming the nullity of the Virginia divorce. This suit was dismissed for "lack of jurisdiction." No appeal was taken.

On March 25, 1958, appellants filed suit in the District Court for a declaratory judgment declaring (1) that the Virginia decree was void; (2) that the marriage between appellee and Theodore Matthews was a nullity; and (3) that appellee be declared not the lawful widow of decedent. This suit was dismissed on motion of appellee with prejudice. Appeal from that dismissal brings the case here.

Though the litigants raise a number of points, we think only two need be considered at this time: first, whether declaratory judgment is authorized; and second, whether such judgment is properly sought in a non-probate District Court.

■ The Federal Declaratory Judgment Act, 28 U.S.C. § 2201 (1958), provides:

> "In a case of actual controversy within its jurisdiction, * * * any court of the United States, * * * may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. * * *"

In view of the broad language of this statute, and its remedial nature, courts have given it a liberal construction. In the present case the appellants are seeking a determination of "rights and legal relations." The rights, if any, which appellants may have in the decedent's estate depend upon successfully challenging appellee's status as the surviving spouse. In attacking that status appellants must, of necessity, attack appellee's marriage to decedent, for if the marriage was valid, she is legally the surviving spouse of decedent. This is, of course, a collateral attack on the Virginia divorce of 1947.

We find no cases in this jurisdiction where the heirs of a putative husband utilized the declaratory judgment technique to attack the validity of a foreign divorce decree,[2] although there appears to be no sound reason why, if such an attack is permissible at all, it cannot be maintained under the declaratory judgment statute. We have already allowed a putative wife to attack in this manner an alleged foreign divorce provided an "actual controversy exists between the parties therein." Roberts v. Roberts, 1958, 104 U.S.App.D.C. 156, 260 F.2d 486. See also Gardner v. Gardner, 1956, 98 U.S.App.D.C. 144, 233 F.2d 23; and Smith v. Smith, D.C.1940, 36 F.Supp. 412. Declaratory relief has been granted in many jurisdictions to spouses seeking clarification of their status. See 124 A. L.R. 1337 and cases cited therein. Though of course, an attack on a foreign decree might be brought through other procedural avenues, the fact that another method is available will not preclude relief, and Rule 57, Fed.R.Civ.P., 28 U.S. C., specifically so provides. The essentials for requesting such a determination in these cases are that an actual controversy exists, involving parties seeking clarification of their legal rights and that the plaintiffs have standing. Undoubtedly there is an actual controversy here, and it cannot be disputed that on the pleadings these parties have an interest.

■ However, the fact that a declaratory judgment is authorized does not

---

2. Most of the cases involving attacks on foreign divorces arise in situations where the first wife sues for divorce, separation, or maintenance, alleging she is still married to defendant since a foreign decree of divorce, on which defendant relies as a defense, is invalid. These cases include Ryan v. Ryan, 1956, 97 U.S.App.D.C. 288, 230 F.2d 838; White v. White, 1945, 80 U.S.App.D.C. 156, 150 F.2d 157; Frey v. Frey, 1932, 61 App.D.C. 232, 59 F.2d 1046; Benson v. Benson, 1930, 59 App.D.C. 271, 40 F.2d 159; Simmons v. Simmons, 1927, 57 App.D.C. 216, 19 F.2d 690, 54 A.L.R. 75; Diggs v. Diggs, 1923, 53 App.D.C. 56, 288 F. 262; Jacobi v. Jacobi, 1916, 45 App.D.C. 442.

necessarily mean the action must be entertained in its present posture. The statute itself recognizes that such relief may be granted only in a court having jurisdiction, and in this case it would seem that the Probate Court is the appropriate forum to entertain the proceeding. Though the complaint here is inartfully phrased in terms of declaring the marital status of Gladys and Theodore, the underlying reason for such a declaration is to establish that appellants, rather than appellee, are the sole heirs at law of decedent and entitled to his estate. The proper forum to determine that question in the first instance is the court specifically set up to determine claims to property of persons dying intestate. This task has been delegated to our probate court by statute,[3] and we have so recognized.[4]

When confronted with a request for declaratory relief more properly amenable to disposition in another forum, a court has a broad measure of discretion whether to grant the prayer. It may decline to entertain the action. Heyward v. Public Housing Administration, 1954, 94 U.S.App.D.C. 5, 214 F.2d 222; Williams v. Virginia Military Institute, 1952, 91 U.S.App.D.C. 206, 198 F.2d 980, certiorari denied, 1953, 345 U.S. 904, 73 S.Ct. 640, 97 L.Ed. 1341. Apart from whether the District Court has the power to entertain the suit in these circumstances, orderly judicial procedure dictates that the Probate Court should consider the issues. The Probate Court must make an affirmative finding that appellee is the lawful surviving spouse of decedent before it can decree a distribution to her and hence if her marriage is void, not merely voidable, it is open to inquiry and subject to attack in the Probate proceeding, if it can be attacked anywhere after the death of one spouse.

However, since appellants have a proper litigable interest, we affirm the result reached by the District Court without prejudice to appellants' right to institute proceedings in Probate to declare what interest, if any, they possess in the estate of Theodore Matthews. The questions involved are questions which must always be resolved to determine the descent of an intestate estate. Whether appellee is the lawful surviving spouse of decedent, whether appellants are entitled to the estate if she is not, and whether appellants have standing to attack the Virginia decree of divorce granted to appellee, are questions which must be answered by the Probate Court in light of the decided cases.[5] See, Johnson v. Muelberger, 1951, 340 U.S. 581, 71 S. Ct. 474, 95 L.Ed. 552; Sherrer v. Sherrer, 1948, 334 U.S. 343, 68 S.Ct. 1087, 1097, 92 L.Ed. 1429; Coe v. Coe, 1948, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451; Williams v. State of North Carolina, 1945, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577.

Affirmed, without prejudice to appellants renewing action in Probate.

---

3. D.C.Code § 11–504 (1951) states: "It [the Probate Court] shall have full power and authority * * * to hear, examine, and decree upon * * * demands existing between * * * persons entitled to a distributive share of an intestate estate * * *."

4. In Frazier v. Kutz, 1943, 78 U.S.App. D.C. 241, 139 F.2d 380 we declared the purpose of that statute to be the creating of a court to provide a tribunal "in which it might be judicially determined who takes the property left by a deceased intestate." 78 U.S.App.D.C. at page 243, 139 F.2d at page 382.

5. In varying aspects these problems have been considered in many cases: see, e. g., Loughran v. Loughran, 1934, 292 U.S. 216, 54 S.Ct. 684, 78 L.Ed. 1219; United States v. Snyder, 1949, 85 U.S.App.D.C. 198, 177 F.2d 44; Tyler v. Andrews, 1913, 40 App.D.C. 100.