**Joseph Donahue NUNLEY, Michael Robert Nunley and Patricia Frances Nunley, Infants, by their next friend, Mary Frances Abrams, Appellants,**

v.

**Bernice G. NUNLEY, Appellee.**

**No. 3589.**

District of Columbia Court of Appeals.

Argued March 8, 1965.

Decided May 12, 1965.

Jean M. Boardman, Washington, D. C., for appellants.

John W. Karr, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

On November 1, 1962, Bernice G. Nunley, appellee, sued her husband, William T. Nunley, for a legal separation from bed and board on the ground of his alleged cruelty.[1] Denying all charges of cruelty, he counterclaimed for an annulment,[2] asking that their ceremonial marriage in Maryland on August 20, 1960, be declared null and void *ab initio* because appellee's Alabama divorce, granted June 29, 1960, from a previous husband was invalid and she was therefore incapable of entering into a valid marriage with him. After trial, but while the case was still under advisement by the trial judge, William T. Nunley died. His three minor children by a prior marriage filed a motion on July 21, 1964, through their pa-

---

1. Now 16 D.C.Code 1961 § 904(a) (Supp. IV 1965).

2. Now 16 D.C.Code 1961 § 904(b) (1) (Supp. IV 1965).

ternal aunt, Mary Frances Abrams, for leave of court to be substituted as counterclaimants in lieu of their deceased father in the prosecution of his counterclaim for annulment. The trial judge denied the motion and on August 14, 1964, dismissed both the complaint and the counterclaim upon the suggestion of the death of William T. Nunley. This appeal on behalf of the three minor children directed at the dismissal of the counterclaim followed.

 Appellants contend that the marriage of their father to appellee was void *ab initio*—not merely voidable, that their right to have that marriage declared void did not abate upon their father's death, and that the trial judge erred in not granting their motion for substitution pursuant to Rule 25(a) (1) of the Civil Rules of the District of Columbia Court of General Sessions[3] which provides:

"If a party dies *and the claim is not thereby extinguished* the court *within one year* after the death *may order substitution of the proper parties.* If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 * * *" [Emphasis supplied]

This rule is procedural, not substantive. It does not provide for the survival of rights or liabilities but outlines the method by which the original action may proceed if not abated by the death of a party.[4] Whether an action survives depends on the substance of the cause of action and not on the form of proceeding to enforce it. If the cause is such that it dies with the person, his suit abates and cannot be revived. Fletcher v. Grinnell Bros., 64 F. Supp. 778, 779 (E.D.Mich.1946).[5] A marriage which is merely voidable cannot be attacked after the death of either spouse. Loughran v. Loughran, 292 U.S. 216, 54 S.Ct. 684, 78 L.Ed. 1219 (1934). On the other hand, if the marriage is void, the fact of nullity may be shown directly or collaterally.[6]

 However, we need not reach the questions whether the marriage here was void *ab initio* or voidable and whether the claim for annulment was extinguished by the death of the minor appellants' father. Without answering these questions, it clearly appears that the minor appellants lack standing as "proper parties" in the Domestic Relations Branch to press the annulment claim to its conclusion after their father's death. In Gordon v. Matthews, 106 U.S. App.D.C. 400, 273 F.2d 525 (1959), which is substantially identical to the present case, the heirs at law of a putative husband attempted to utilize the federal declaratory judgment procedure to challenge the validity of a foreign divorce of a person claiming to be the wife of the putative husband. The court held:

" * * * [I]n this case it would seem that the Probate Court is the appropriate forum to entertain the proceeding. * * * [T]he underlying reason for such a declaration is to establish that appellants, rather than

---

3. Except as to a difference in time allowed for making the substitution (which is not in issue here), this rule is identical with Rule 25(a) (1) of the Federal Rules of Civil Procedure as made applicable to the Domestic Relations Branch by statute.

4. See Downie v. Pritchard, 309 F.2d 634 (8th Cir. 1962); Commercial Solvents Corp. v. Jasspon, 92 F.Supp. 20 (S.D. N.Y.1950).

5. Citing Schreiber v. Sharpless, 110 U.S. 76, 3 S.Ct. 423, 28 L.Ed. 65 (1884) and Gerling v. Baltimore & O. R. Co., 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311 (1894).

6. See Annot., 76 A.L.R. 769 and 47 A.L.R. 2d 1393; Hitchens v. Hitchens, 47 F. Supp. 73, 76 (D.D.C.1942); Jardine v. Jardine, 291 Ill.App. 152, 9 N.E.2d 645, 649 (1937).

appellee, are the sole heirs at law of decedent and entitled to his estate. The proper forum to determine that question in the first instance is the court specifically set up to determine claims to property of persons dying intestate. This task has been delegated to our probate court by statute * * *.

"* * * The Probate Court must make an affirmative finding that appellee is the lawful surviving spouse of decedent before it can decree a distribution to her and hence if her marriage is void, not merely voidable, it is open to inquiry and subject to attack in the Probate proceeding, if it can be attacked anywhere after the death of one spouse." *273 F.2d at 528.*

It should be noted that the relief sought in Gordon v. Matthews in the Federal District Court was a determination of "rights and legal relation" under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 (1958) which provides that in a case of actual controversy within its jurisdiction, *any court of the United States* may declare such rights. Rule 57 of the Federal Rules of Civil Procedure pertains to the procedure for securing such declaratory judgment pursuant to the law. We do not believe that either the Federal Declaratory Judgments Act [7] or Federal Court Rule 57 is applicable to proceedings in the Domestic Relations Branch of the municipal trial court.

In the case before us, under the guise of continued prosecution of an annulment proceeding on behalf of a deceased parent, the minor children seek primarily to obtain a judgment declaring their stepmother to be barred from participation in the estate of their late father as a surviving wife by reason of a void marriage to him and that they are his sole heirs at law and next of kin. It would seem apparent under these circumstances the minor children are not "proper parties" directly concerned with the suit for annulment as contemplated by the court rule who, after death of their father, can pursue a remedy against their stepmother started by him in his lifetime. The counterclaim sought to annul his allegedly void marriage to appellee. Although under the statute creating the Domestic Relations Branch there are provisions for *declaring* marriages valid or void and for annulment actions, we are convinced that these suits were intended to be available to the involved parties and not to their descendants as means of collateral attack on such marriages or determining their inheritance rights to the estate of a deceased parent. The minor children here involved could not have sued for the annulment of the marriage of their father during his lifetime and should not now have any greater right for the same purpose or for a different objective after his death.

■ Apart from whether the Domestic Relations Branch has the power to entertain the continuation of the counterclaim for annulment by approving the substitution of the minor children for their deceased father under the circumstances, we hold that orderly procedure requires that the Probate Court, a branch of the United States District Court for the District of Columbia, should consider the issues attempted to be pursued by substitution here.[8] If validity of the marriage to decedent in Maryland is challenged by the minor children in the probate proceedings, that court has the power

---

7. In Branson v. Harris, D.C.Mun.App., 100 A.2d 38, 39 (1953), we held that the Federal Declaratory Judgments Act conferred no jurisdiction on the Municipal Court to render a declaratory judgment.

8. Appellee, Bernice G. Nunley, filed a petition on February 10, 1965, with the Probate Court (Administration Cause No. 113,243) asking for probate of an alleged last will of William T. Nunley dated January 29, 1962, and for issuance of Letters of Administration *c. t. a.* to her. The minor appellants are named in the petition as surviving children of the decedent by a former wife (now deceased).

to fully investigate and determine whether the marriage was void *ab initio* or voidable and must resolve whether appellee is in fact and in law a "surviving wife" before it can approve any distribution to her from the estate. Such determination will adequately protect the interests of the minor children as heirs at law of their father. 11 D.C.Code 1961 § 504; Frazier v. Kutz, 78 U.S.App. D.C. 241, 139 F.2d 380 (1943); Gordon v. Matthews, supra, 106 U.S.App.D.C. at p. 403, 273 F.2d 525.

Dismissal of the motion by minor appellants for substitution as counterclaimants in the further presentation of the counterclaim originally filed by their late father was proper. The record reveals no other error requiring reversal.

Affirmed.