Travis Wayne JONES et al., by Mrs. Jeanette Jones Griggs, next friend and guardian, Plaintiffs-Appellants,

v.

Mrs. Jacquelyn STEINER, who goes under the name of Mrs. Jacquelyn Jones, et al., Defendants-Appellees.

No. 72–3293.

United States Court of Appeals, Fifth Circuit.

July 9, 1973.

Dixon L. Pyles, Betty B. Tucker, Danny E. Cupit, Jackson, Miss., for plaintiffs-appellants.

Leonard B. Melvin, Jr., Laurel, Miss., for Jones and others.

D. Gary Sutherland, Hattiesburg, Miss., for General Motors.

E. Brooke Ferris, III, William S. Mullins, III, Laurel, Miss., for Bush Dairy & Emp. Mut. Liability Ins. Co.

Richard E. Stratton, III, Brookhaven, Miss., James T. Flynt, Mineola, Tex., for Babst and others.

Before THORNBERRY, AINSWORTH and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

This unusual Mississippi diversity suit for declaratory and injunctive relief and for damages for wrongful death grows out of the death of Travis G. Jones, Jr., in an automobile accident in April 1970 in Jones County, Mississippi. It involves a contest between rival groups of survivors for the right to damages and other proceeds resulting from Jones' death. Jones was first lawfully married to Jeanette English (now Mrs. Jeanette Jones Griggs), and three children, Travis Wayne, Donna Maria, and Jeffrey Grant, minors, were born of this marriage. Travis and Jeanette Jones were divorced in 1969, and immediately thereafter, Jones began living with Mrs. Jacquelyn Steiner (who now is called Mrs. Jacquelyn Jones). Of this relationship, one minor child was born, Scotia Michele Jones. Mrs. Jacquelyn Jones has two minor children, Kimberly Lynn Steiner and Sharon Paige Steiner, by a former marriage, and these children are alleged to be the decedent Jones' stepchildren and dependents.

Mrs. Jacquelyn Jones was appointed administratrix of Jones' estate by the Chancery Court for the Second Judicial District of Jones County. Thereafter, Mrs. Jeanette Griggs, in her representative capacity as guardian of her three minor children, filed in the Chancery Court of the First Judicial District of Harrison County, Mississippi, a petition to determine the heirs of Travis G. Jones, Jr., deceased. Process was issued to defendants Mrs. Jacquelyn Jones and her minor child, Scotia Michele, who appeared through counsel.

By agreement, the matter was transferred to the Chancery Court for the Second Judicial District of Jones County and was set for hearing, at which time plaintiffs' attorneys filed a written motion to dismiss the petition, which was granted.

Then Mrs. Jacquelyn Jones, as administratrix of the estate of Travis Jones, Jr., filed a petition to determine heirship in the Chancery Court for the Second Judicial District of Jones County, and service of process (allegedly defective) by publication was made upon Mrs. Jeanette Jones Griggs and her minor children, commanding them to appear at the hearing and show cause why Mrs. Jacquelyn Jones, Scotia Michele Jones (issue of the relationship between Mrs. Jacquelyn Jones and the decedent), Travis Wayne Jones, Donna Maria Jones, and Jeffrey Grant Jones (issue of the marriage of Mrs. Jeanette Jones Griggs and the decedent) should not be decreed the sole heirs and next of kin of Travis G. Jones, Jr. The named respondents made no appearance; the Chancery Court held a hearing, received oral and documentary evidence, and issued a decree recognizing the parties named as the sole and only heirs of Travis G. Jones, Jr. The Mississippi Chancery Court also decreed that the rights of these heirs under Section 1453 of the Mississippi Code of 1942, Recompiled, the Wrongful Death Statute, had been established to the satisfaction of the court, and held that each of the five heirs was entitled to an undivided interest in and to all claims to property of the decedent.

Prior to these proceedings, applications for Workmen's Compensation benefits had been filed with the Mississippi Workmen's Compensation Commission for the minors Scotia Michele Jones, Kimberly Lynn Steiner, and Sharon Paige Steiner, children of Jacquelyn Steiner Jones, and for Travis Wayne Jones, Donna Maria Jones, and Jeffrey Grant Jones, children of Jeanette Jones Griggs. The Commission duly entered an order authorizing payment of death benefits to all claimants.

The present suit was filed by Mrs. Jeanette Griggs. She seeks to have the Decree Adjudicating Heirship, entered by the Chancery Court for the Second Judicial District of Jones County, declared void. She also seeks to have Mrs. Jacquelyn Jones and her children enjoined from representing that they have any legal relationship to the decedent, Travis G. Jones, Jr. Mrs. Griggs further asks that Workmen's Compensation payments to Mrs. Jacquelyn Jones and her children be enjoined, and that the federal district court award damages against named defendants to Travis, Donna, and Jeffrey Jones for the wrongful death of their father. The defendants filed motions to dismiss, asserting that the court lacked jurisdiction over any Workmen's Compensation claims because the Mississippi Workmen's Compensation Commission's exclusive original jurisdiction had been invoked, and that, under Mississippi law, the prior suit for wrongful death filed by Mrs. Jacquelyn Jones as administratrix of the estate precludes the filing of any other suits on the same claim. The defendants further asserted as grounds for dismissal the plaintiffs' failure to seek appropriate and available remedies in the Mississippi state courts. The district court granted the motion to dismiss as to the Workmen's Compensation claim because the Mississippi Workmen's Compensation Commission has exclusive original jurisdiction of this claim, and the appropriate administrative and state remedies prescribed by statute have not been pursued. The court also held that under settled Mississippi law, the administratrix or the heirs, but not both, may bring suit for wrongful death, pursuant to Section 1453 of the Mississippi Code of 1942, Recompiled. *See* Bush v. Carpenter Brothers, Inc., 5 Cir., 1971, 447 F.2d 707, 711; Allen v. Baker, N.D. Miss., 1968, 327 F.Supp. 706, 709; Southern Pine Electric Power Assn. v. Denson, 214 Miss. 397, 414, 57 So.2d 859, 864 (1952), suggestion of error

overruled, 214 Miss. 397, 417, 59 So.2d 75 (1952). Only one suit under this statute is allowed, and the first person to file sues for the benefit of all concerned parties and has the right to prosecute the suit to conclusion. Thus the wrongful death suit filed by Mrs. Jacquelyn Jones precludes consideration of the same claim as subsequently filed by Mrs. Jeanette Griggs. The court also found that the proper forum for the claims raised in this suit is the Mississippi Chancery Court, that adequate state remedies exist, and that the subject matter of this suit is more amenable to disposition by state courts. Finding that the plaintiffs had a proper litigable interest, the court dismissed the request for declaratory and injunctive relief without prejudice to plaintiffs' right to follow the appropriate procedures in the state courts.

Attached as exhibits to the defendants' motions to dismiss were: the entire Chancery Court file; the pleadings filed in Mrs. Jacquelyn Jones' suit for wrongful death; the guardianship letters of Mrs. Jeanette Griggs; and Social Security awards to Mrs. Jacquelyn Jones, Scotia Michele Jones, Kimberly Steiner, and Sharon Steiner. Also attached was the Workmen's Compensation file which includes the Report of Injury form and the Application for Benefits form, both of which were filed separately by Mrs. Jacquelyn Jones and Mrs. Jeanette Griggs; Mrs. Jacquelyn Jones' affidavit; an affidavit by Travis G. Jones Sr., that his son, the decedent, and Jacquelyn Jones were married to each other at the time of the son's death, a stipulation by Mrs. Jacquelyn Jones and Mrs. Jeanette Griggs that Travis, Donna, and Jeffrey Jones, and Scotia Michele Jones, Kimberly and Sharon Steiner were dependents of Travis G. Jones, Jr; and the orders of the Workmen's Compensation Commission.

■ We find no error in the district court's dismissal of the Workmen's Compensation Claim.[1] See Everitt v. Lovitt, 192 So.2d 422 (Miss.Sup.Ct.) (1966). We also agree with the court below that, under Mississippi law, the dismissal of the wrongful death claim was proper. The district judge, exercising the discretion he thought warranted by the circumstances, declined to grant the declaratory and injunctive relief sought. See Gordon v. Matthews, 1959, 106 U.S.App.D.C. 400, 273 F.2d 525; Powell v. McCormack, 1968, 129 U.S.App.D.C. 354, 395 F.2d 577, aff'd in part, rev'd in part, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). We do not believe the district judge abused his discretion, and we concur in the holding that plaintiffs may validly vindicate their rights of heirship in Mississippi courts where heirship proceedings were first filed. See Buechold v. Ortiz, 9 Cir., 1968, 401 F.2d 371; Magaziner v. Montemuro, 3 Cir., 1972, 468 F.2d 782. The dismissal without prejudice to the right to proceed further in Mississippi state courts was proper.

Affirmed.

---

1. The district court also held, and we concur, that there was no jurisdiction relative to the Social Security benefits since plaintiffs have not exhausted their remedies under the Administrative Procedure Act, 5 U.S.C. § 551 et seq., and the Social Security Act, 42 U.S.C. § 405.