CAROLINA AIRCRAFT CORPORA-
TION et al., Plaintiffs-Appellees,

v.

AMERICAN MUTUAL LIABILITY
INSURANCE COMPANY,
Defendant-Appellant.

No. 75–1330
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 1975.

Rehearing Denied Sept. 22, 1975.

George E. Bunnell, Ft. Lauderdale,
Fla., for defendant-appellant.

Duane Anderson, R. Thomas Farrar,
Miami, Fla., for plaintiffs-appellees.

Before WISDOM, BELL and CLARK,
Circuit Judges.

PER CURIAM:

American Mutual Liability Insurance
Company (American) appeals from an
adverse declaratory judgment holding
that it has a duty, under a policy which
it issues, to defend certain suits filed
against Carolina Aircraft Corporation, et
al (Carolina), in Florida state court. We
reverse.

American carries Carolina's workmen's
compensation and employer's liability
policy. By the policy, American agreed
to assume liability for all sums which
Carolina might become legally obligated
to pay to its employees on account of
disease, bodily injury, or death suffered
by them arising out of and sustained in
the course of their employment. Ameri-
can also agreed to

* Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

defend any proceeding against the insured alleging such injury and seeking damages on account thereof, even if such proceeding or suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient . . . .

Early in 1972 four men were killed when a small plane owned by Carolina and flown by one of the corporation's executive officers crashed in the vicinity of Indiantown, Florida. The administrators of the estates of the deceased sued Carolina in state court alleging specifically that the four were aboard the aircraft as either guests or paying passengers. Carolina answered denying the status of the deceased, claiming that the suit would not lie against Carolina because each deceased was an employee of the corporation and that each was traveling aboard the plane in the course of his employment (thereby making workmen's compensation benefits the exclusive remedy). American refused to defend the state court suits, thus prompting Carolina to sue in federal court for a declaratory judgment concerning American's duty to defend.

 American has no duty to defend the state court suits. While it is true, as the court below noted, that American is obligated to defend even groundless, false or fraudulent suits, the duty arises only when the party suing Carolina brings a suit—whether or not groundless, false or fraudulent—which alleges injury at least arguably within the policy's coverage. Here the state court plaintiffs alleged facts which take the injuries suffered by the deceased outside any imaginable construction of the workmen's compensation and employer's liability policy issued by American. The plaintiffs are the masters of their own pleadings; it is their pleading and *not* the answers of Carolina which determine the nature of their complaint. The answers of Carolina, though asserting as a defense against the general liability claim that workmen's compensation benefits constitute the exclusive

remedy, do not change what the plaintiffs must prove to succeed. What they have undertaken is to show that the deceased were killed while engaged in activity *not* in the course of their employment and *not* covered by American's policy.

C. A. Fielland, Inc. v. Fidelity & Casualty Co. of New York, 297 So.2d 122 (Fla.App.2d Div. 1974) is not on point. It stands for the proposition that an insurer must defend if any part of a cause of action is within the policy coverage. It also holds that the nature of the cause of action, and thus whether the claims being made are within the policy coverage, must be determined not only from the plaintiff's initial complaint but also from developments which occur during the prosecution of the suit. It does not say that an insurer must defend when, as here, a plaintiff's claim is clearly outside the policy coverage, and the defense erected to defeat the right to make the claim is that another type of remedy which the policy would cover, *if it had been asserted,* is the only one available.

Reversed.