**GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Maryland corporation, Plaintiff,**

v.

**Eric P. SELLERS, a Florida resident and Neil Goldberg, a Florida resident, Defendants.**

**No. 87–10041–Civ.**

United States District Court, S.D. Florida, Miami Division.

Aug. 26, 1987.

Kimbrell Hamann, Miami, Fla., for plaintiff.

Michael Halpern, Key West, Fla., for defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises before the Court upon the Defendant Neil J. Goldberg's Motion To Dismiss.

On May 20, 1987, the Defendant, Neil J. Goldberg, brought suit in the Sixteenth Judicial Circuit, Monroe County, Florida, for damages arising out of an automobile accident. Goldberg alleged that he was injured as a result of the negligent operation of a motor vehicle driven by Defendant Eric P. Sellers or Patricia L. Dryer. Goldberg further alleged that the vehicle was being operated with the implied or expressed consent of the vehicle's owner, Diana G. Collins. The Plaintiff, Government Employees Insurance Company (Geico), was the automobile liability insurer of George W. Sellers, the father of the Defendant, Eric P. Sellers. Geico was also the insurer of Diana G. Collins, the mother of the Defendant, Patricia L. Dryer.

On June 30, 1987, Geico, filed this action in this Court seeking declaratory relief under 28 U.S.C. sections 2201 and 2202 (1982). Geico alleged that it was in doubt as to the coverage available to the Defendant Neil J. Goldberg. On the one hand, if Eric P. Sellers was the driver, but not a permissive user of Collins' vehicle, then Geico would not be liable under either Collins' or George W. Sellers' policy. On the other hand, if Eric P. Sellers was the driver and was a permissive user of Diana G. Collins' vehicle then Geico would be liable under both Collins' and George W. Sellers' policies. The gist of Geico's claim for declaratory relief is that it will be irreparably harmed in having to defend Eric P. Sellers, if it turns out that Eric P. Sellers was not a permissive user and therefore not covered under either policy.

Section 2201 of Title 28 U.S.C. allows a litigant to seek declaratory relief in any court of the United States "in a case of actual controversy within its jurisdiction ... upon the filing of an appropriate pleading, [where such court] may declare the rights and other legal relations of any interested party." *Id.* When the state court can fully adjudicate the pending matter, the federal court will generally eschew adjudicating the underlying state claim. See *Jones v. Steiner*, 481 F.2d 392, 395 (5th Cir.1973); *Geni-Chlor International, Inc., v. Multisonics Development Corp.*, 580 F.2d 981, 984 (9th Cir.1978); *Ahrensfeld v. Stephens*, 528 F.2d 193, 197 (7th Cir.1975); *Travelers Indemnity Company v. Winmill*, 294 F.Supp. 394 (D.Minn.1968). *See generally Home Indemnity Company,*

*New York v. Lechner,* 191 F.Supp. 116, 119 (S.D.Cal.1961).

The crux of the underlying state claim is whether Eric P. Sellers or Patricia L. Dryer negligently operated Diana Collins' vehicle injuring the Defendant Neil J. Goldberg. If either Eric or Patricia negligently operated the vehicle then the court would go on to determine whether the negligent driver had permission to use the vehicle. The answer to that question would determine whether Geico was the insurer or not. The question of coverage is inextricably tied to whether Eric P. Sellers, if he indeed was the driver, had permission to drive the vehicle. The relief that the Plaintiff, Geico, is seeking is certain to be resolved in the course of deciding the underlying state claim.

Geico states three grounds for seeking this declaratory relief. First, Geico alleges that it will suffer irreparable harm because it will be forced to bear the burden of providing defense counsel to Eric P. Sellers, Diane G. Collins and Patrica L. Dryer. Plaintiff's Complaint at paragraph 25 (a-b). Second, Geico is seeking relief from bearing the cost of taking the matter to trial because the unsettled question of coverage makes settlement negotiations impossible. *Id.* at 25(c). Finally, Geico claims that some or all of the insureds might be faced with verdicts in excess of the policy limits and "the adjudication of the rights of Eric P. Sellers may result in a total settlement of $10,000.00, thereby obviating the need for a trial." *Id.* at 25(d).

■ Geico's claim that it will have to bear the burden of providing defense counsel is the heart of Geico's claim for declaratory relief and its other two claims are contingent upon it. Geico, in essence, is asking this Court to determine the coverage question now, so that it will not have to be unnecessarily burdened if it turns out that Geico is not liable under either insurance policy. In essence, Geico is asking for relief from its duty to defend. Defendant Goldberg's Complaint in State Court brings Geico, as a matter of law, within the rubric of what it would have to defend, regardless of the outcome of the case. It is "[t]he allegations of the complaint [which] govern the duty of the insurer to defend." *National Union Fire Insurance Co. v. Lenox Liquors, Inc.,* 358 So.2d 533, 536 (Fla.1977); *accord Pioneer Nat'l Title Ins. v. Fourth Commerce,* 487 So.2d 1051 (Fla.1986); *Trizec Properties, Inc. v. Biltmore Construction Co., Inc.,* 767 F.2d 810 (11th Cir.1985); *Carolina Aircraft Corp. v. American Mutual Liability Insurance Co.,* 517 F.2d 1076 (5th Cir.1975).

The Defendant, Goldberg, alleged that Patricia L. Dryer and/or Eric P. Sellers, was operating the vehicle with the implied or expressed consent of the owner. Because those allegations alone would obligate Geico to defend on behalf of the above, the relief Geico seeks here would not be possible to grant because Geico in any event has the duty to defend.

■ Geico's claim for declaratory relief on the duty to defend issue would require this Court to determine all the material issues of law and fact in this case including: the identity of the driver; whether the driver was negligent; and whether the driver had the permission of the owner. In effect, the Court would have to try the entire action in order to grant Geico relief. This Court declines to interfere in a pending action in state court, where that court can determine all the issues in this action in one proceeding.

Accordingly, after a careful review of the record and the court otherwise being fully advised, it is

ORDERED and ADJUDGED that the Defendant Neil J. Goldberg's Motion To Dismiss be, and the same is hereby, GRANTED and the Complaint is dismissed with prejudice.