**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Robert L. TRAVERS and Devra Patrizzi, as parent and next friend of Jane Doe, a minor, Defendants.**

**No. PCA 87–30400–RV.**

United States District Court, N.D. Florida, Pensacola Division.

July 22, 1988.

---

Randall H. Nunn, James A. Edwards, Rumberger, Kirk, Caldwell, Cabaniss & Burke, P.A., David B. Shelton, Orlando, Fla., for plaintiff.

R. John Westberry, Pensacola, Fla., for Travers.

George W. Estess, Pensacola, Fla., for Devra Patrizzi.

## ORDER GRANTING JUDGMENT ON PLEADINGS

VINSON, District Judge.

Defendant Devra Patrizzi, as natural mother and next friend of Jane Doe, a minor, has filed an action in the Circuit Court of Okaloosa County, Florida, against defendant Robert L. Travers. (Case No. 87–1849–CA C) The complaint in that case alleges that Travers "committed various lewd, lascivious, and sexual battery acts upon Jane Doe while she was a guest in his household." In that litigation, Patrizzi seeks damages for physical and emotional injuries to Jane Doe.

At the time of the acts alleged in the state court complaint, a Deluxe Mobilehome Policy (Policy No. 062369179, Form U10119) had been issued by Allstate Insurance Company to Travers, providing liability coverage to Travers. Travers demanded that Allstate defend him in the state court action, and Allstate is providing a defense under a reservation of rights. In the meantime, Allstate filed this action seeking, inter alia, declaratory judgments that it has no duty to defend Travers and that any conduct of Travers alleged by Patrizzi is not covered under the policy.

Pending is the plaintiff's motion for judgment on the pleadings. (Docs. 17, 18) Patrizzi has opposed the motion (doc. 21); however, Travers has not responded. Jurisdiction in this case is based on diversity of citizenship. 28 U.S.C. § 1332. Therefore, I must apply the substantive law of the State of Florida. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

■■■ An insurance carrier's duty to defend is distinct and separate from its liability to pay under the policy. *See Trizec Properties, Inc. v. Biltmore Const. Co.*, 767 F.2d 810, 811–12 (11th Cir.1985) (applying Florida law); *Burton v. State Farm Mutual Automobile Ins. Co.*, 335 F.2d 317, 323 (5th Cir.1964) (applying Florida law); *Klaesen Bros., Inc. v. Harbor Ins. Co.*, 410 So.2d 611, 612–13 (Fla. 4th DCA 1982). Whether the insurer owes the insured the duty to defend any particular suit is determined by examining the facts alleged in the third-party's complaint. *See, e.g., Trizec Properties, supra,* 767 F.2d at 811–12; *Pioneer Nat'l Title Ins. Co. v. Fourth Commerce Properties Corp.*, 487 So.2d 1051 (Fla.1986); *National Union Fire Ins. Co. v. Lenox Liquors, Inc.*, 358 So.2d 533 (Fla. 1978).

■■■ If the facts alleged in the complaint state a claim which falls within the coverage of the policy, then the insurer has a duty to defend, regardless of whether it is ultimately liable for payment. *See, e.g., Accredited Bond Agencies, Inc. v. Gulf Ins. Co.*, 352 So.2d 1252 (Fla. 1st DCA 1977). If the alleged facts fall outside the policy coverage, then no duty to defend arises. *See, e.g., Old Republic Ins. Co. v. West Flagler Assoc., Inc.*, 419 So.2d 1174 (Fla. 3d DCA 1982). If there is no duty to defend, then the insurer does not breach the insurance contract by refusing to defend. *See Zipperer v. State Farm Mutual Automobile Ins. Co.*, 254 F.2d 853, 856 (5th Cir.1958) (applying Florida law); *Aetna Casualty & Surety Co. v. Hanna*, 224 F.2d 499, 504 (5th Cir.1955) (applying Florida law).

■■■ In reviewing the third-party's complaint to determine whether the insurer has a duty to defend, a court may look only at the factual allegations in the complaint and at the applicable language of the policy. *See, e.g., Trizec Properties, supra,* 767 F.2d at 811–12; *Pioneer National Title Ins. Co., supra,* 487 So.2d at 1053–54; *National Union Fire Ins. Co., supra,* 358 So.2d at 536. Potential defenses or denials of allegations in the complaint are not relevant for determining whether the insurer has a duty to defend. *See Carolina Aircraft Corp. v. American Mutual Liability Ins. Co.*, 517 F.2d 1076 (5th Cir.1975) (applying Florida law); *Pioneer National Title Ins. Co., supra,* 487 So.2d at 1053–54. If, however, the third-party alleges facts in later pleadings that state a claim within the policy coverage, then the insurer would have an obligation to take up the defense of the suit. *See ABC Distributing, Inc. v. Lumbermens Mutual Ins. Co.*, 646 F.2d 207 (5th Cir. Unit B 1981) (applying Florida law); *Fielland v. Fidelity & Casualty Co. of New York*, 297 So.2d 122, 127 (2d DCA 1974), *cert. denied,* 309 So.2d 6 (Fla.1975).

Thus, the applicable law makes clear that in order to decide whether the plaintiff has a duty to defend Travers in the state court litigation, I must examine the policy in effect at the time of the alleged incident and the factual allegations of the complaint filed by Patrizzi in the Circuit Court of Okaloosa County.

The basis for the plaintiff's assertion of no coverage is an exclusion set out in the Family Liability Protection section of the policy. Exclusion 1 of that section provides:

We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person.

The plaintiff claims that the facts alleged in the state court complaint demonstrate that the injury to Jane Doe resulted from the intentional acts of Travers and, therefore, any injury suffered by the minor is not covered under the policy.

The complaint in the state court case alleges that Travers committed various "lewd, lascivious, and sexual battery acts" upon Jane Doe.[1] The complaint also states that Travers "invaded the privacy of Jane Doe and falsely detained her in furtherance of each act committed upon Jane Doe." According to the complaint, at the time of the alleged incidents, Jane Doe was six years old. The complaint also states: "At all times material thereto, the Defendant, Robert L. Travers, did not intend to physically injure Jane Doe." The complaint alleges that Jane Doe "suffered mental and physical discomfort; loss of ability to lead a normal life; shame and embarrassment; medical expenses, including psychiatric and psychological care."

In its motion, the plaintiff raises two arguments. First, it claims that "lewd, lascivious, and sexual battery acts" are intentional or criminal acts and the alleged injuries to Jane Doe "may reasonably be expected" to occur as a result of these acts. Second, it claims that any injuries to Jane Doe are "intentional injuries" which may be inferred as a matter of law from the "intentional acts" alleged in the complaint.

■ The parties have focused their arguments on the second aspect of the exclusion, the "intentional injury" clause. The general rule in Florida is that an "intentional injury" exclusion in a liability insurance policy does not apply to injuries caused by intentional acts, where the insured did not specifically intend to cause the injury which occurred. *See Allstate Ins. Co. v. Steinemer*, 723 F.2d 873, 875 (11th Cir.1984); *Gulf Life Ins. Co. v. Nash*, 97 So.2d 4 (Fla.1957); *Phoenix Ins. Co. v. Helton*, 298 So.2d 177 (1st DCA 1974), *writ discharged*, 330 So.2d 724 (Fla.1976); *Cloud v. Shelby Mutual Ins. Co.*, 248 So. 2d 217 (Fla. 2d DCA 1971). Under this rule, the insured's subjective intent to cause the result must be shown in order for an injury to be deemed an "intentional injury" under the exclusion. *See Zordan by and through Zordan v. Page*, 500 So.2d 608 (2d DCA 1986), *review denied*, 508 So.2d 15 (Fla.1987).

Recently, a split has developed among the Florida intermediate appellate courts in the application of the general rule in situations involving sexual battery of a child. The Second District Court of Appeal has ruled that "intentional injuries" to the child may not be inferred from such "intentional acts" as fondling, battery, etc. *Zordan by and through Zordan v. Page, supra*, 500 So.2d at 609–10. The Third and Fifth District Courts of Appeal have held that as a matter of law "intentional injury" may be inferred from the intentional acts of an insured in the sexual battery of a child. *McCullough v. Central Florida YMCA*, 523 So.2d 1208 (Fla. 5th DCA 1988); *Landis v. Allstate Ins. Co.*, 516 So.2d 305 (Fla. 3d DCA 1987); *see Zordan by and through Zordan v. Page, supra*, 500 So.2d at 613 (Frank, J., dissenting).

■ As a federal court sitting in diversity jurisdiction, I must apply the law of the forum state as articulated by the highest state court. *Samuels v. Doctor's Hospital, Inc.*, 588 F.2d 485, 488–89 (5th Cir. 1979). Where there is disagreement among state courts, the federal court must apply the rule representing the overwhelming weight of authority. *See Mitchell v. Young Refining Co.*, 517 F.2d 1036, 1040 n. 3 (5th Cir.1975). The court must follow the intermediate state appellate courts, absent persuasive indication that the state's

---

1. The state court complaint does not provide further factual detail. In the record of this case, Patrizzi has admitted that Travers penetrated the vagina of the minor with his finger and the minor suffered physical pain and bleeding as a result. (Docs. 25, 31) *Cf.* 794.011, *Fla. Stat.* (1987) (crime of sexual battery).

highest court would rule otherwise on the issue. *See Silverberg v. Paine, Webber, Jackson & Curtis, Inc.,* 710 F.2d 678, 690 (11th Cir.1983).

As the parties recognize, in order to rule on the "intentional injury" clause of the exclusion provision, I would have to determine what is the substantive law of the State of Florida on this issue. However, I find that I do not need to perform that analysis because it is clear to me that the plaintiff is entitled to a judgment in its favor based on the first clause of the exclusion.

■ The complaint alleges that Travers committed lewd, lascivious, and sexual battery acts upon a six-year-old female child. Furthermore, it alleges that he falsely detained her and invaded her privacy in the course of committing these acts. It is obvious, and no one disputes, that the complaint alleges "intentional acts." If properly established, such acts would also be characterized as "criminal" under Florida law. It is also obvious that physical and emotional injuries of exactly the type alleged in the complaint "may reasonably be expected to result from the intentional or criminal acts." Therefore, the exclusion clause applies to the injuries alleged in the state court complaint.

In opposing this motion, Patrizzi dismissed the applicability of this clause of the exclusion by arguing that "expected" has been construed as synonymous with "intended" in the context of liability policies by Florida courts. *See Grange Mutual Casualty Co. v. Thomas,* 301 So.2d 158 (Fla. 2d DCA 1974). In *Grange Mutual Casualty,* the policy exclusion was for bodily injury "which is either expected or intended." 301 So.2d at 159. The Second District Court of Appeal ruled that there was "no difference in substance between the language of the exclusionary provision here and that in the policies limiting the exclusion simply to 'intentional' injuries." *Id.* The court reasoned that giving "expected" its literal meaning in this context would require exclusion of injuries resulting from negligent as well as intentional conduct. *Id.* It found this interpretation contrary to state law.

The policy language at issue in this case is quite different. It excludes coverage for bodily injury "which may reasonably be expected to result from the intentional or criminal acts of an insured person." This language incorporates into the exclusion an objective test for coverage of certain injuries. The underlying basis for the exclusion is still an intentional act. Thus, the concern of the *Grange* court is not implicated by this language. *See Allstate Ins. Co. v. Freeman,* 160 Mich.App. 349, 408 N.W.2d 153 (1987) (interpreting same language as objective standard for exclusion).

Admittedly, some injuries may not fall within the exclusion because they are not reasonably expected to result from the alleged act. The statement in the complaint that the defendant "did not intend to physically injure Jane Doe" is an obvious attempt to plead around the liability insurance policy's exclusionary language. To quote Judge Frank's dissent in *Zordan, supra* [500 So.2d at 614], it is "incredible" that a plaintiff can make such a claim in a good faith pleading. Nevertheless, the test under the exclusionary clause here is objective, not subjective. Unlike *Zordan* and the other Florida cases with similar holdings, I do not have to determine the "subjective intent of the insured" in order to ascertain whether there is coverage. I find that the physical and emotional injuries alleged in the state court complaint here as a matter of law "may reasonably be expected to result" from the sexual battery of a six-year-old female child.

The facts alleged in the state court complaint bring the injuries alleged within the exclusionary provision of the policy. The plaintiff, therefore, has no duty to defend Travers in the state court action. Since there is no duty to defend, the plaintiff is also not bound to indemnify Travers, even if Patrizzi prevails on the allegations of the complaint. *See National Union Fire Ins. Co. v. Lenox Liquors, Inc., supra,* 358 So.2d at 536; *Federal Ins. Co. v. Applestein,* 377 So.2d 229, 233 (Fla. 3d DCA 1979).

The plaintiff is entitled to a judgment that:

(1) Allstate Insurance Company has no duty to defend Robert L. Travers in the action filed against him by Devra Patrizzi, as natural mother and next friend of Jane Doe, a minor child, Case No. 87–1849–CA C, in the Circuit Court of Okaloosa County, Florida.

(2) There is no insurance coverage afforded by Allstate Insurance Company, under the Deluxe Mobilehome Policy No. 062369179 for the conduct of Robert L. Travers alleged by Devra Patrizzi in Case No. 87–1849–CA C, in the Circuit Court for Okaloosa County, Florida.

The plaintiff has requested that this Court retain jurisdiction to determine further equities between the plaintiff and defendants as they exist or may arise from these declarations of rights. Although this case will be administratively closed, the Court will retain jurisdiction pending resolution of *Patrizzi v. Travers*, Case No. 87–1849–CA C (Fla.Cir.Ct. Okaloosa Cty.), or until July 31, 1990, whichever is the earliest date. The plaintiff is directed to inform the Court of resolution of the state court case.

Accordingly, the plaintiff's motion for judgment on the pleadings is hereby GRANTED. The Clerk shall enter a judgment for the plaintiff and against the defendants as set out above, with taxable court costs.

DONE AND ORDERED.