**EMPLOYERS INSURANCE OF WAUSAU**

v.

**GULF ISLAND MARINE, INC., et al.**

**Civ. A. No. 89–1660.**

United States District Court, E.D. Louisiana.

July 7, 1989.

Chas E. Lugenbuhl and Susan B. Williams, New Orleans, La., for Employers Ins. of Wausau.

Richard Leefe and Steven J. Koehler, Leefe, Donelon, Donelon & Koehler, for Blue Streak Industries, Inc.

## ORDER AND REASONS

DUPLANTIER, District Judge.

On October 27, 1987, Roland Myles filed suit in a Texas state court against Blue Streak Industries, Inc. and others, seeking damages from personal injuries allegedly sustained about two years earlier, allegedly caused by a defective hatch on a cargo container. The defect allegedly resulted from Blue Streak's negligence. On April

28, 1989, Employers Insurance of Wausau filed the instant action against Blue Streak and others seeking judgment declaring that a protection and indemnity policy issued to Blue Streak and the other defendants herein afforded no coverage for the claims asserted by Myles in the Texas state court.

Before the court is Blue Streak's motion to dismiss this declaratory judgment action. For the following reasons, we grant the motion. *Sua sponte*, we also dismiss the action against the other non-moving defendants.

"The district court is not required to provide declaratory judgment relief, and it is a matter for the district court's sound discretion whether to decide a declaratory judgment action." *Missouri Ins. Co. v. Puritan Fasions Corp.*, 706 F.2d 599, 601 (5th Cir.,1983). In dismissing this action, we do so not on "whim or personal disinclination"; we "take into account a wide variety of factors." *Id.*

The state court action is pending in Texas, not Louisiana, and it was filed long before this declaratory action. Compare *Sandefer Oil & Gas, Inc. v. Duhon*, 871 F.2d 526 (5th Cir.1989). While it is true that Employers is not a party to the Texas action, it has apparently participated in the defense of mover, and coverage issues could be resolved in the state court. In any event, the Texas suit will resolve some if not all of the issues involved in this declaratory action.

At least some fact issues appear to be common to both suits. Plaintiff's memorandum points out that in this suit it seeks "a judicial determination of its obligation to those assureds under its policy and the facts of a particular personal injury claim. Specifically plaintiff asks this Court to review the facts . . .".

We dismiss this suit for the convenience of witnesses and the parties, as well as in the interest of judicial economy.

We note that one of our colleagues decided a somewhat similar declaratory action in favor of the insured, rather than deferring to a previously filed state court action. *Angelina Cas. Co. v. Exxon Corp. U.S.A.*

*Inc.*, 876 F.2d 40 (5th Cir.1989). However, both parties to that action apparently urged that the declaratory action be entertained, and the decision was on summary judgment.

As suggested recently by a Fifth Circuit Court of Appeal, we deny declaratory judgment relief

> because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, *Brillhart [v. Excess Ins. Co. of Am.]* 316 U.S. [491] at 494–95, 62 S.Ct. [1173] at 1175–76 [86 L.Ed. 1620 (1942) ]; *Hollis [v. Itawamba County Loans],* 657 F.2d [746] at 750 [ (5th Cir.1981) ]; *Employers' Liab. Assurance Corp. v. Mitchell,* 211 F.2d 441, 443 (5th Cir.), *cert. denied,* 347 U.S. 1014, 74 S.Ct. 869, 98 L.Ed. 1137 (1954), because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, *Pacific Employers Ins. Co. v. M/V CAPT. W.D. CARGILL,* 751 F.2d 801, 804 (5th Cir.), *cert. denied,* 474 U.S. 909, 106 S.Ct. 279, 88 L.Ed.2d 244 (1985); *Puritan Fashions,* 706 F.2d at 602 because of possible inequities in permitting the plaintiff to gain precedence in time and forum, *id.,* or because of inconvenience to the parties or the witnesses, *id.*[2]

*Rowan Companies v. Griffin,* 876 F.2d 26, 29 (5th Cir.1989).

While the issues are not identical (the instant action involves maritime law as well as state law), we find the reasoning in two recent U.S. District Court opinions persuasive. *Carey v. East Detroit Jaycees, Inc.,* 660 F.Supp. 1577 (E.D.Mich.1987) and *Government Employees Insurance Co. v. Eric P. Sellers,* 667 F.Supp. 850 (S.D.Fla. 1987). If U.S. District Courts routinely entertain declaratory actions such as this one, a likely result would be to spawn dual suits whenever a coverage issue arises in a state court claim by a third party against an insured, with a consequent significant increase in system as well as litigant and witness expense. The discretion which the declaratory judgment statute gives us

should surely be exercised so as to prevent such duplicative proceedings.