**ALLSTATE INSURANCE CO., Plaintiff,**

v.

**John DILLARD, et al., Defendants.**

**No. 91CV135.**

United States District Court,
M.D. Georgia,
Valdosta Division.

Sept. 10, 1992.

William E. Cannon, Jr. and Michael S. Meyer Von Bremen, Albany, Ga., for plaintiff.

Craig A. Webster, Tifton, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Allstate Insurance Company ("Allstate") issued a deluxe mobilehome owner's policy to John and Margaret Dillard on January 30, 1988. Thereafter, Michael Griffin sued the Dillards in the Superior Court of Tift County seeking damages for his injuries. The Dillards asked Allstate to defend them. Allstate filed a declaratory judgment action in this court seeking a declaration that it has no duty to defend or indemnify the Dillards because intentional acts are not covered under the policy. Before the court are cross motions for summary judgment.

## FACTS

On June 19, 1991, LeShannon Roberts, a 13-year old, shot Michael Griffin in the head with the Dillards' (the grandparents of LeShannon Roberts) .38 caliber gun. The two boys had been playing alone that afternoon in the Dillards' house, where Roberts resided, and discovered the gun in a locked chiffonier in the guest bedroom.

Griffin filed suit against the Dillards, contending that his injuries, totaling $72,-403.10 to date, were caused by the negligence of the Dillards, who left their grandson unattended in a house where an accessible weapon was also left unattended.

## DISCUSSION

The mobilehome owner's policy excludes coverage for any bodily injury "which may reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person." Allstate contends that Roberts' actions are excluded from coverage because he intentionally pointed the gun at Griffin and pulled the trigger, and it was reasonable to expect that Griffin would be injured as a result. Griffin contends that Roberts' actions were not inten-tional within the meaning of the applicable policy exclusion because Roberts did not subjectively intend to injure Griffin. Alternatively, Griffin contends that even if Roberts' actions were intentional, the negligence claim against the Dillards is not excluded from coverage.

Griffin cites several Georgia cases to support his contention that Roberts' actions were not intentional. *See, e.g., Colonial Penn Ins. Co. v. Hart,* 162 Ga.App. 333, 291 S.E.2d 410 (1982); *Stein v. Massachusetts Bay Ins. Co.,* 172 Ga.App. 811, 324 S.E.2d 510 (1984). However, the insurance contracts in those cases excluded coverage for bodily injuries which are "expected or intended by the insured." The Georgia Court of Appeals has construed this language to mean that the exclusion for intentional acts applies only when an insured intended both the act and the injury.

■ In contrast, the exclusion language in the instant case is broader and applies to bodily injuries which may "reasonably be expected to result from the intentional or criminal acts of an insured person or which is in fact intended by an insured person." (emphasis added). Thus, even if LeShannon Roberts did not subjectively intend to harm Griffin, his actions are excluded from coverage if the injuries caused therefrom may "reasonably be expected to result...."

Roberts testified that he pointed the gun at Michael Griffin and it went off. (Roberts Dep. at 11; 21–22). Roberts further testified that he knew that if there was a bullet in the gun and he pulled the trigger it would fire. (Roberts Dep. at 48). While Roberts did not intend to injure his friend, he nevertheless pulled the trigger. A bullet wound is a foreseeable and expected result of pointing a loaded gun at another and pulling the trigger. A reasonable 13-year old should have anticipated this result. The court concludes that Roberts' actions were intentional and therefore excluded from coverage under the mobilehome owner's policy.

As to Griffin's second contention, the instant policy excludes coverage for damage intentionally caused by "an insured" instead of "the insured."[1] By wording its policy in this manner, Allstate intended to exclude from coverage the intentional acts of any insured under the policy. *See generally Allstate Insurance Co. v. Gilbert*, 852 F.2d 449, 454 (9th Cir. 1988) (identical policy language). Michael Griffin seeks damages for injuries caused by the intentional acts of LeShannon Roberts, "an insured" under the Dillards' policy. The exclusion clearly applies, whether Griffin is seeking compensation for his bodily injuries from Roberts or the Dillards.

Accordingly, the court hereby GRANTS Allstate's motion for summary judgment and DENIES Michael Griffin's.

SO ORDERED.

---

1. The policy defines "insured person" to mean you and, if a resident of your household, any relative or any dependent person in your care. "You" and "your" are defined as the policyholder named on the declarations page and that policyholder's resident spouse.