## ALLSTATE INSURANCE COMPANY, Plaintiff,

### v.

## David BARNETT and Harold Bishop, Defendants.

### No. IP 91 440 C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Feb. 12, 1993.

John W. Hammel, Yarling Robinson Hammel & Lamb, Indianapolis, IN, for plaintiff.

. Frank W. Hogan, Ober Symmes Cardwell Voyles & Zahn, Indianapolis, IN, for defendant Barnett.

Joseph P. Maguire, Indianapolis, IN, for defendant Bishop.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

McKINNEY, District Judge.

Plaintiff Allstate Insurance Company ("Allstate"), has moved for summary judgment. The parties have filed their briefs, and the issues are ready to be resolved. For the reasons discussed below, this Court GRANTS Allstate's motion.

### I. FACTUAL & PROCEDURAL BACKGROUND

On the morning of Saturday, August 13, 1988, defendant David Barnett drove to Connie Cook's residence on the west side of Indianapolis. Barnett and Cook had dated for a number of years during the 1980s and the couple had a son who lived with Cook. Prior to departing for Cook's residence, Barnett had attempted to contact Cook by telephone in order to make plans to pick up his son later that morning. When Barnett called, Cook had not returned from work and Harold Bishop answered her phone. Bishop told Barnett that Cook was busy, and hung up when Barnett asked Bishop to identify himself. Prior to leaving for Cook's residence, Barnett put his loaded Smith & Wesson .357 Magnum revolver into his car.

Barnett and Cook arrived at Cook's residence at the same time. Barnett and Cook argued in the garage. Bishop came out and joined in. The argument escalated into a fight between Barnett and Bishop. Barnett hit Bishop with a piece of firewood. Bishop got on top of Barnett and repeatedly hit Barnett. When the fight stopped, Barnett went to his car and got his revolver. Bishop went into Cook's house to evade Barnett, hoping to escape through the front door. However, the front door was locked and could not be opened without a key. Therefore, Bishop hid inside a nearby closet.

Barnett entered and moved through the house. The hammer on the revolver was cocked and Barnett kept his finger on the trigger. When Barnett was in the vicinity of the closet, Bishop kicked open the closet door. Barnett turned toward the closet and the gun discharged. The bullet struck Bishop causing injuries.

Barnett was arrested as a result of the shooting. Eventually, Barnett pleaded guilty to criminal recklessness while armed with a deadly weapon, a class D felony.

At the time that Barnett shot Bishop, Barnett had a homeowner's insurance policy with Allstate (the "policy"). Under the terms of the policy, Allstate agreed to pay for accidental losses for which Barnett becomes legally obligated to pay damages, and agreed to provide an attorney to defend Barnett if sued for covered damages. However, the policy excludes from coverage damages "which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person" (the "exclusion").

Bishop brought suit against Barnett in state court, alleging that he suffered injuries as a result of Barnett's intentional, reckless, malicious, and negligent action on August 13, 1988. Allstate brought this diversity action seeking a declaratory judgment that it has no contractual obligation to provide a defense for Barnett or pay any judgment resulting from the state court action.

On November 25, 1991, Allstate moved for summary judgment, arguing that in light of the exclusion, it has no duty to defend or pay any judgment. On December 31, 1991, Bishop filed his response opposing summary judgment. Barnett filed his response opposing summary judgment on December 27, 1991. Allstate filed its reply on December 30, 1991.

### II. SUMMARY JUDGMENT STANDARDS

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Although a party bringing a motion for summary judgment must demon-

strate that there is no genuine issue of fact for trial, if that burden is met, the party opposing the motion must come forward with evidence of a genuine factual dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Mere conclusory assertions, whether made in pleadings or affidavits, are not sufficient to defeat a proper motion for summary judgment. *First Commodity Traders, Inc. v. Heinold Commodities, Inc.,* 766 F.2d 1007 (7th Cir.1985).

■ An issue is genuine only where "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In other words, the disputed fact must be outcome determinative. *Hossman v. Spradlin,* 812 F.2d 1019 (7th Cir.1987). The Court's inquiry asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to judgment. *Doe v. Allied–Signal, Inc.,* 925 F.2d 1007, 1008 (7th Cir.1991).

■ The substantive law identifies which facts are considered material. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment; irrelevant or unnecessary disputes will not. *Id.*

■ Since the Supreme Court's trilogy of decisions on summary judgment, *see Celotex Corp.,* 477 U.S. 317, 106 S.Ct. 2548; *Anderson,* 477 U.S. 242, 106 S.Ct. 2505; and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), it is clear that entry of summary judgment is mandatory where the requirements of Rule 56 are met. *See Herman v. City of Chicago,* 870 F.2d 400, 404 (7th Cir.1989); *Spellman v. Commissioner,* 845 F.2d 148, 152 (7th Cir.1988); *Collins v. Associated Pathologists, Ltd.,* 844 F.2d 473 (7th Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988).

■ This district has established a procedure for parties to follow in supporting or opposing a motion for summary judgment. Pursuant to S.D.Ind.LR 56.1, the movant shall include in its brief, or in an appendix to its brief, a statement of material facts that it contends there is no genuine issue. The movant must support its statement with appropriate citations to evidentiary materials. *Id.* The movant is also required to file, as separate documents, proposed findings of fact and conclusions of law, and a proposed summary judgment. *Id.* Any nonmovant who opposes the motion for summary judgment is required to file within fifteen days from the filing date of the summary judgment motion a brief in support of its opposition and any evidentiary materials controverting the movant's position. *Id.* In its brief, or in an appendix to its brief, the opposing nonmovant is required to include a statement of genuine issues setting forth all material facts over which it contends a genuine issue exists. *Id.* The nonmovant's statement must be supported by appropriate citations to evidentiary materials. *Id.* If the nonmovant fails to controvert the movant's statement of material facts that exist without genuine issue by filing a statement of genuine issues, "the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy." *Id.* The purpose of LR 56.1 is for the parties to notify each other of the factual support for their respective arguments. *Mirocha v. TRW, Inc.,* 805 F.Supp. 663, 675 (S.D.Ind.1992).

## III. DISCUSSION

### A. Scope of the Exclusion: Objective or Subjective Standard?

■ The central issue in this case is the meaning of the exclusion. Allstate argues that it excludes from coverage: (1) injuries reasonably expected to result from intentional acts on the part of Barnett; (2) injuries reasonably expected to result from Barnett's criminal acts; (3) injuries intended by Barnett. Allstate claims that summary judgment is proper because the undisputed facts indicate that a reasonable person would expect Bishop's injuries to result from Barnett's actions, and that Barnett's actions were intentional and/or criminal.

Bishop and Barnett, on the other hand, argue that the exclusion is ambiguous. Spe-

cifically, they argue that there is ambiguity whether the exclusion includes injuries that are expected from an objective viewpoint, or whether the exclusion is much narrower and includes only those injuries that are actually intended by the insured or expected from the insured's (subjective) viewpoint. As a result of this perceived ambiguity, Bishop and Barnett claim that the exclusion must be interpreted to apply only if Barnett actually intended or expected Bishop to be injured. Because the undisputed facts do not support the conclusion that as a matter of law Barnett intended or expected Bishop to be injured, they argue that summary judgment is not proper.

The parties agree that the substantive law of Indiana is to be applied in this case. Under Indiana law, if an insurance policy exclusion is susceptible of more than one reasonable interpretation, it is ambiguous and must be given the meaning that is most favorable to the insured. *See Freeman v. Commonwealth Life Ins. Co.*, 259 Ind. 237, 286 N.E.2d 396, 397 (1972) ("[A]n ambiguous term in an insurance policy will be interpreted in favor of the insured."); *Interstate Auction, Inc. v. Central Nat'l Ins. Group, Inc.*, 448 N.E.2d 1094, 1098 (Ind.Ct.App.1983) ("[A]mbiguity exists when reasonably intelligent men, upon reading the policy, would honestly differ as to its meaning."); *Home Ins. Co. v. Neilsen*, 165 Ind.App.445, 332 N.E.2d 240, 244 (1975) ("[Court] must accept [the] reasonable interpretation that most favors the insured."); *see also State Farm Fire & Casualty Co. v. Miles*, 730 F.Supp. 1462, 1465 (S.D.Ind.1990), *aff'd sub nom.*, 930 F.2d 25 (7th Cir.1991). If the policy language is clear and unambiguous, the language must be given its plain meaning. *Miles*, 730 F.Supp. at 1465.

The Supreme Court and Court of Appeals of Indiana have not determined the meaning of the policy language in question. However, other jurisdictions have addressed the meaning of exclusion and have found that it is unambiguous and that it provides an objective standard. *See Allstate Ins. Co. v. Dillard*, 799 F.Supp. 97, 98 (M.D.Ga.1992) (exclusion provides objective standard); *Allstate Ins. Co. v. Cruse*, 734 F.Supp. 1574, 1581 (M.D.Fla.1989) (exclusion requires court to apply objective standard); *Allstate Ins. Co. v. Bailey*, 723 F.Supp. 665, 667 (M.D.Fla. 1989) (exclusion is unambiguous); *Allstate Ins. Co. v. S.L.*, 704 F.Supp. 1059, 1060 (S.D.Fla.1989) (exclusion is unambiguous and is not merely a subjective standard), *aff'd*, 896 F.2d 558 (11th Cir.1990); *Allstate Ins. Co. v. Travers*, 703 F.Supp. 911, 915 (N.D.Fla.1988) (exclusion incorporates an objective test); *Allstate Ins. Co. v. Foster*, 693 F.Supp. 886, 888 (D.Nev.1988) (exclusion is unambiguous and provides an objective standard); *Hooper v. Allstate Ins. Co.*, 571 So.2d 1001, 1002–03 (Ala.1990) (rejecting argument that exclusion is ambiguous, noting that a number of jurisdictions have found the exclusion unambiguous and that the exclusion does reach injuries resulting from criminal acts regardless of whether insured intended to commit act or harm); *Allstate Ins. Co. v. Freeman*, 432 Mich. 656, 443 N.W.2d 734, 748–49 (1989) (rejecting argument that exclusion requires subjective standard); *Buczkowski v. Allstate Ins. Co.*, 193 Mich.App. 673, 484 N.W.2d 766, 767 (1992) ("Whether an injury should be reasonably expected requires application of an objective standard."); *Allstate Ins. Co. v. Schmitt*, 238 N.J.Super. 619, 570 A.2d 488, 490–92 (Ct.App.Div.) (rejecting argument that the exclusion requires a subjective standard), *certification denied*, 122 N.J. 395, 585 A.2d 394 (1990); *Allstate Ins. Co. v. Sowers*, 97 Or.App. 658, 776 P.2d 1322, 1323 (1989) (rejecting ambiguity argument because it ignores the relevant language of the exclusion); *see also Allstate Ins. Co. v. Jarvis*, 195 Ga.App. 335, 393 S.E.2d 489, 491–92 (1990) (concurring opinion of Beasley, J.) (recognizing that the exclusion provides an objective standard).

In light of the case law from other jurisdictions, and Indiana law on insurance policy interpretation, it is this Court's opinion that the Supreme Court of Indiana, if faced with the issue, would hold that the exclusion is clear and unambiguous and provides an objective standard. Under the objective standard, there is no coverage for injuries that are the foreseeable consequence of the insured's intentional or criminal acts. *See Dillard*, 799 F.Supp. at 98; *Freeman*, 443

N.W.2d at 749; *Schmitt,* 570 A.2d at 492; *Sowers,* 776 P.2d at 1323.[1]

## B. Objective Standard Applied

### 1. BODILY INJURY REASONABLY EXPECTED TO RESULT

This Court finds that in light of the undisputed facts, no reasonable fact finder could determine that Bishop's injuries were not the foreseeable consequence of Barnett's acts. Bodily injury is the natural and foreseeable result of discharging a revolver inside a residence. *Cf. Buczkowski,* 484 N.W.2d at 767–68 (gun shot injuries not covered by identical exclusion—summary judgment granted because it is reasonable to foresee and expect that a gun fired in a residential area might hurt someone).

### 2. CRIMINAL ACT

Allstate has met its burden of establishing that there is no genuine issue that Barnett committed acts which constitute criminal recklessness while armed with a deadly weapon, a class D felony, in violation of Ind.Code § 35–42–2–2(b). To support its contention, Allstate relies on Barnett's guilty plea and conviction for criminal recklessness with a deadly weapon, which are admissible, *see Miles,* 730 F.Supp. at 1466, and on Barnett's deposition testimony, in which he admits that he acted recklessly and that his actions posed a substantial risk of harm to Bishop. Barnett and Bishop rely on Barnett's assertion that he did not fire the revolver knowingly or intentionally, but did so merely recklessly. However, even if Barnett only recklessly fired the revolver he committed a criminal act. Indiana Code § 35–42–2–2(b) provides, "A person who recklessly, knowingly, or intentionally performs ... an act that creates a substantial risk of bodily injury ... commits criminal recklessness...." The plain language of the exclusion requires only that Barnett's act be criminal *or* intentional; it does not have to be criminal *and* intentional.[2]

## IV. SUMMARY & CONCLUSION

The exclusion at issue in this case provides an objective standard. Under that objective standard, the policy excludes, among other things, injuries that are reasonably expected to result from—i.e., are the foreseeable consequence of—criminal acts committed by the insured. Under the undisputed facts in this case, no reasonable fact finder could determine that Bishop's injuries were not the foreseeable consequence of Barnett discharging his revolver—an act the undisputed evidence reveals to be criminal. Therefore, Bishop's injuries are not covered by the policy and Allstate is entitled to judgment as a matter of law. Allstate's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

1. The defendants' argument is based on a line of Indiana cases interpreting insurance policies which exclude injuries that are "intended or expected" by or from the standpoint of the insured. *See, e.g., Bolin v. State Farm Fire & Casualty Co.,* 557 N.E.2d 1084 (Ind.Ct.App.1990); *Indiana Farmers Mut. Ins. Co. v. Graham,* 537 N.E.2d 510 (Ind.Ct.App.1989); *Home Ins. Co. v. Neilsen,* 165 Ind.App. 445, 332 N.E.2d 240 (1975). Those cases stand for the proposition that the language "intended or expected" from the standpoint of the insured is ambiguous with respect to whether it encompasses an objective standard or whether it is purely subjective standard, and hold that as a result of the ambiguity the narrower, purely subjective standard interpretation must be made. Because the exclusion at issue in those cases is different from the exclusion in this case, those cases are not persuasive.

Because this Court finds that the exclusion in this case includes an objective standard—i.e., injuries that are the foreseeable consequence of an insured's intentional or criminal acts are not covered—it is significantly broader than the purely subjective "expected injury" exclusion. *Compare Bolin,* 557 N.E.2d at 1088 (injuries resulting from shooting not excluded under the subjective standard because it is not sufficient that the insured should have anticipated the harm) *with Dillard,* 799 F.Supp. at 98 (injuries resulting from shooting excluded under the objective standard because the insured should have anticipated the result of his actions).

2. Although not raised by the parties as an issue in this case, this Court notes that it has previously held that insurance policies that exclude coverage for injuries caused by less-than-intentional conduct are not contrary to public policy. *See Allstate Ins. Co. v. Norris,* 795 F.Supp. 272, 276 (S.D.Ind.1992).